FISCHBACH & MOORE, Inc., et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 33686. Feb. 23, 1949.

*203 P. 2d 422.*

Crouch, Rhodes & Crowe and W. A. McInnes, all of Oklahoma City, for petitioners.

J. A. Tillotson, of Tulsa, and Fenton & Fenton, of Oklahoma City, for respondents McElroy Battery Mfg. Company and Tri-State Casualty Insurance Company.

Reily, Reily & Spurr, of Shawnee, for respondent R. L. Lawson.

Mac Q. Williamson, Atty. Gen., for respondent State Industrial Commission.

O'NEAL, J. On February 28, 1948, claimant, R. L. Lawson, filed with the State Industrial Commission his employee's first notice of injury and claim for compensation against Fischbach & Moore, of Texas, Inc., and National Surety Corporation, its insurance carrier, stating that on August 8, 1947, while he was an employee of said corporation as an electrician in Tulsa, Okla., he suffered an accidental injury while moving what is termed a "bus

duct" from one location to another; that the injury consisted of a "strained back"; that the nature and extent of the injury was "severe sacro-iliac strain to back and lumbar region, other injuries"; and that the injury is permanent. Fischbach & Moore for response filed a general denial.

On the same day said notice was filed, Lawson also filed an employee's first notice of injury and claim for compensation against McElroy Battery Manufacturing Company, Tri-State Casualty Insurance Company, its insurance carrier, and the Special Indemnity Fund. In this claim Lawson states that January 28, 1948, while in the employ of McElroy Battery Manufacturing Company as an electrician, in Tulsa, Okla., he suffered an accidental injury while loading a push cart with batteries, the nature and extent of which were "severe sacro-iliac strain to back and lumbar area where he was previously injured on August 8, 1948, while in the employ of Fischbach & Moore of Texas, Inc., and other injuries."; and that the injury is permanent. In answer to the question of whether he was a physically impaired person, the claim stated: "I received a back injury on August 8, 1947, while in the employ of Fischbach & Moore of Texas, Inc. The Special Indemnity Fund for response filed a general denial and alleged that the combination of the two alleged injuries does not materially increase the disability over the last injury alone, and further alleged that claimant is not an impaired person under the law. McElroy Battery Manufacturing Company and Tri-State Casualty Insurance Company answered by general denial and specific denial.

Claimant filed a motion to consolidate the two claims and they were apparently consolidated and heard together before Trial Commissioner Cunningham.

At the beginning of the hearing before Commissioner Cunningham the claim as against State Indemnity Fund was dismissed by agreement of all the parties. After the close of the hearing the trial commissioner made extended findings of fact to the effect that on August 8, 1947, claimant was in the employ of Fischbach & Moore, of Texas, Inc., engaged in a hazardous occupation, subject to and covered by the provisions of the Workmen's Compensation Law and that on said date he sustained an accidental personal injury arising out of and in the course of his employment consisting of an injury to his back; that on January 28, 1948, claimant was in the employ of McElroy Battery Manufacturing Company engaged in a hazardous occupation, covered by the provisions of the Workmen's Compensation Law, and on said date he sustained an accidental personal injury arising out of and in the course of his employment, consisting of a back injury and an aggravation of a pre-existing condition; that claimant's daily wage at the time of said injuries was sufficient to entitle him to the maximum compensation of $21 per week. The trial commissioner further found that claimant's present permanent partial disability is attributable to each of the two injuries, the same being 60 per cent permanent partial disability to the body as a whole, in equal shares of 30 per cent to each respondent:

" . . . therefore, said claimant is entitled to a 60 per cent permanent partial disability award to the body as a whole, being 300 weeks at $21.00 per week, totaling $6,300.00, as a result of the accidental personal injuries of August 8, 1947, and January 28, 1948, payable in equal shares of 30 per cent to each respondent and/or their insurance carrier; to-wit: $3,150.00 payable by the Fischbach and Moore or Texas, Ins, and or their insurance carrier, the National Surety Company, and $3,150.00 payable by McElroy Battery Manufacturing Company and/or their insurance carrier, the Tri-State Casualty Company; further that said claimant is entitled to the authorized, reasonable and necessary medical expenses incurred by reason of said injuries, payable equally by said respondents and/or their insurance carriers."

Award in favor of claimant was made accordingly, awarding compensation against Fischbach & Moore, of Texas, Inc., and National Surety Corporation in the total sum of $3,150 and ordering same paid as follows: $576 accrued compensation within 20 days and the balance at the rate of $21 per week until the total sum of $3,150 is paid in full, with the provision that the sum of $31.50, or one per cent of the award, be deducted and paid to the State Indemnity Fund under the provisions of 85 O.S. Supp. 1945 §173, and a further deduction of $630, or 20 per cent of said award in payment thereof to claimant's attorney as a fair and reasonable attorney's fee, and that said respondent and its insurance carrier further pay the "authorized reasonable and necessary medical expenses heretofore incurred by reason of said injuries, . . ."

A similar award was made against McElroy Battery Manufacturing Company and Tri-State Casualty Insurance Company except the amount of accrued compensation was fixed at $220.50. Respondents and their respective insurance carriers appealed from the award of the trial commissioner to the commission en banc where, after the admission of further medical testimony consisting of the statement of Dr. N. Stuart White, and after oral argument, the commission sitting en banc entered an "Order on Appeal" stating in part:

"That said Order of April 14, 1948, filed April 1948, should be affirmed as modified, to-wit: That said award should be reduced from 60 per cent to 40 per cent to the body as a whole, as against the Fischbach & Moore and/or National Surety Corporation and that said order should be vacated as against the McElroy Battery Manufacturing Company and/or Tri-State Casualty Insurance Company, and that said Order in all other respects shall remain in full force and effect; the Special Indemnity Fund having been dismissed by agreement of the parties, said order to be made the Judgment and Order of this Commission on appeal herein: . . ."

Fischbach & Moore and National Surety Corporation, its insurance carrier, bring this original proceeding to review the above award and order of the commission en banc. They include McElroy Battery Manufacturing Company and Tri-State Casualty Insurance Company as party respondents.

It is first contended that the commission erred in assessing the entire award against petitioner and that said award is in conflict with the special findings that claimant's disability resulted equally from the two separate injuries.

This is a contest between the two employers as to the extent of liability for the injuries of claimant.

It is the contention of Fischbach & Moore and its insurance carrier that claimant, Lawson, was fully recovered from any physical injury he may have sustained by reason of his alleged accidental injury sustained on August 8, 1947, before he entered the employ of McElroy Battery Manufacturing Company. There is some expert or medical testimony tending to support this contention, that is, the testimony of Dr. W. D. Hoover and Dr. John E. McDonald.

Dr. McDonald's statement, in part, is:

"I do not believe that he has any permanent disability as a result of the injury described."

There was also expert or medical testimony before the trial commissioner tending to prove that the claimant's permanent partial disability was caused by or attributable to the first accidental injury alone. That was the testimony of Dr. Dudley W. Dickson. He testified that in his opinion claimant had permanent partial disability of 75 to 80 per cent, and that that disability was attributable to the first accidental injury alone. With this conflict in the evi-

dence it became a question of fact for the trial commissioner to determine whether claimant suffered permanent partial disability, and if so, to what extent, and whether such disability was attributable to one or the other of the accidental injuries, and if so, which one; or whether it was attributable to both, and if to both, the part thereof attributable to each. On this conflicting evidence the trial commissioner made his findings and award as above stated.

On appeal from the trial commissioner to the commission en banc, the commission may affirm or accept the findings and award of the trial commissioner in whole or in part. In this case the commission en banc affirmed the order of the trial commissioner except as modified by the order of the commission en banc. It then modified the order by reducing the award from 60 per cent to 40 per cent to the body as a whole as against Fischbach & Moore and the National Surety Corporation. This, we assume, means reducing the permanent partial disability to the body as a whole from 60 per cent to 40 per cent. The order of the trial commissioner was further modified so as to vacate the award entirely as against McElroy Battery Manufacturing Company and/or Tri-State Casualty Insurance Company. This the commission en banc did without any separate finding by the commission as to the degree or extent of permanent partial disability or as to which accidental injury such disability is attributable. In this connection and without comment on the weight of the evidence, it may be noted that the commission en banc had before it additional testimony consisting of the statement of Dr. N. Stuart White.

The order or award of the commission en banc is so indefinite and uncertain that we are unable to determine whether the commission intended to affirm the findings of the trial commissioner that claimant's permanent partial disability is 60 per cent and

charge only 40 per cent thereof to Fischbach & Moore and/or its insurance carrier, or to find that claimant's permanent partial disability is only 40 per cent and charge the whole thereof to Fischbach & Moore and/or its insurance carrier. The order of the commission en banc does vacate the award entirely as to McElroy Battery Manufacturing Company and its insurance carrier. The order of the commission en banc then says that the order of the trial commissioner in all other respects shall remain in full force and effect. That in one sense may mean that Fischbach & Moore and its insurance carrier are charged with one-half of 60 per cent permanent partial disability or 150 weeks' compensation, or it may mean that Fischbach & Moore and its carrier are charged with one-half of 40 per cent permanent partial disability or 100 weeks compensation. Again, it may mean that Fischbach & Moore and its carrier are chargeable with 40 per cent of permanent partial disability or 200 weeks' compensation.

" . . . We must know what a decision means before the duty becomes ours to say whether it is right or wrong." United States v. Chicago, Milwaukee, St. Paul & Pacific R. R. Co., 294 U.S. 499, 79 L. Ed. 1023.

Once we know what a decision means we must look to the facts and the applicable law to determine whether the decision is right or wrong. For the facts we must look to the finding of the State Industrial Commission. It is now well settled that:

"The State Industrial Commission must make specific findings of the ultimate facts responsive to the issues as well as the conclusions of law upon which an order is made granting or denying compensation."

and:

"Where findings of fact and conclusions of law of State Industrial Commission are too uncertain for judicial interpretation, an order based thereon will be vacated for further proceedings." McCarthy v. Forbes Painting &

174

Decorating Co., 200 Okla. 555, 198 P. 2d 212.

See, also, Adams v. City of Anadarko, 198 Okla. 484, 180 P. 2d 159; Corzine v. Traders Compress, 196 Okla. 259, 164 P. 2d 625.

These later decisions do not expressly overrule Christian v. Hanna, 144 Okla. 89, 289 P. 708, and other similar cases where it is held that it is necessary only that the order granting or denying an award shall contain a "statement of its conclusion of the fact", but in this case both the findings or conclusions of fact, if they may be called the latter, and the order or award, are too indefinite and uncertain for judicial interpretation.

Questions are raised going to the sufficiency of the evidence to sustain a finding of 40 per cent permanent partial disability. This is purely a question of fact for the commission to find and determine from all of the evidence before it.

The commission should make specific findings of the ultimate material facts responsive to the issues as well as conclusions of law upon which the order is made granting or denying compensation.

The award is vacated and the cause is remanded to the State Industrial Commission for further proceedings consistent with the views herein expressed.

ARNOLD, V.C.J., and WELCH, CORN, LUTTRELL, HALLEY, and JOHNSON, JJ., concur.