De VORE v. MAIDT PLASTERING CO. et al.

No. 33629.    Nov. 20, 1951.

Rehearing Denied Jan. 8, 1952.

*239 P. 2d 520.*

Paul Pugh, Oklahoma City, for petitioner.

Monnet, Hayes & Brown, Oklahoma City, for respondents.

DAVISON, J. This case is here on petition by William O. DeVore to review an order of the State Industrial Commission denying him compensation on a claim filed by him against his employer, Maidt Plastering Company and its insurance carrier, Central Surety & Insurance Company.

Petitioner in his claim filed on the 4th day of February, 1948, stated that, on December 23, 1947, while in the act of pouring cement he stepped in a hole causing a strain to his back resulting in some permanent disability to his body as a whole.

Petitioner at the hearing upon the claim testified: At the time he sustained his claimed injury he was employed by respondent plastering company as hod carrier; that his duties were to carry cement in a bucket which, when filled with cement, weighed about 75 pounds; that, while engaged in grouting some metal bases and while carrying the grout and stepping over the foundation for the purpose of pouring the grout, another man spoke to him; that he jumped up too quickly and strained his back; that when he stepped back it gave him a jerk and upon setting the bucket down he could hardly raise up; that he has never completely recovered from his injury. No other evidence was offered tending to show the manner in which petitioner received his claimed injury.

The trial commissioner found:

"That the evidence is insufficient to show that the claimant sustained an accidental personal injury arising out of and in the course of his employment with this respondent on the date alleged in his claim."

On this finding the trial commissioner entered an order denying compensation, which was affirmed on appeal to the commission en banc.

Petitioner contends that the above finding and conclusion of the commission is too indefinite and uncertain for judicial interpretation and that the order should therefore be vacated. With this contention we agree. We have on different occasions held that it is the duty of the State Industrial Commission to make specific findings of the ultimate facts responsive to the issues as well as the conclusions of law upon which an order is made granting or denying compensation, and that where the findings of fact and conclusions of law of the commission are too indefinite and uncertain for judicial interpretation an order based thereon will be vacated. Corzine v. Traders Compress, 196 Okla. 259, 164 P. 2d 625; Adams v. City of Anadarko, 198 Okla. 484, 180 P. 2d 159; McCarthy v. Forbes Painting & Decorating Co., 200 Okla. 555, 198 P. 2d 212. In all of the above cases the finding of the commission was identical with the findings in the present case and in each the order denying compensation was vacated because of the indefiniteness thereof.

In Fischbach & Moore, Inc., v. State Industrial Commission, 201 Okla. 170, 203 P. 2d 422, we said:

"' . . . We must know what a decision means before the duty becomes ours to say whether it is right or wrong.' United States v. Chicago, Milwaukee, St. Paul & Pacific Railroad Company, 294 U. S. 499, 55 S. Ct. 462, 467, 79 L. Ed. 1023.

"Once we know what a decision means we must look to the facts and the applicable law to determine whether the decision is right or wrong. For the facts we must look to the finding of the State Industrial Commission. It is now well settled that:

"'The State Industrial Commission must make specific findings of the ultimate facts responsive to the issues as well as the conclusions of law upon which an order is made granting or denying compensation.'

and:

"'Where findings of fact and conclusions of law of State Industrial Commission are too uncertain for judicial

614

interpretation, an order based thereon will be vacated for further proceedings.' "

In support of the conclusion there reached the cases above mentioned are cited.

In the instant case we are unable to determine from the finding of the commission whether it intended to find that petitioner did not sustain an injury resulting in a strain to his back or whether it intended to find that he did receive such injury, but that such injury did not constitute an accidental injury within the meaning of the Workmen's Compensation Act, or whether it intended to find that he did receive such injury and that it did constitute an accidental injury but that it did not arise out of and in the course of his employment. The finding is too indefinite and uncertain for judicial interpretation and to form the basis of an order denying compensation.

Order vacated for further proceedings in accordance with the views herein expressed.

ARNOLD, C. J., HALLEY, V. C. J., and WELCH, JOHNSON, and O'NEAL, JJ., concur. CORN and GIBSON, JJ., dissent.