**CUMMINS et al.**

v.

**STATE INDUSTRIAL COMMISSION et al.**

No. 35785.

Supreme Court of Oklahoma.

Dec. 1, 1953.

Rehearing Denied Dec. 22, 1953.

Miller & Miller, Tahlequah, for petitioners.

Sanders & McElroy, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

Delcy Cummins, as claimant, under the Death Benefits provision of 85 O.S.1951 sec. 1 et seq., sought an award against W. R. Grimshaw Company, employer, and Standard Accident Insurance Company, its insurance carrier. The State Industrial Commission denied an award and Delcy Cummins, widow of Oscar L. Cummins, brings this proceeding to review the order denying the award. The order in part is, as follows:

"That the claim herein should be denied for the reason that the evidence shows that the deceased, Oscar L. Cummins, did not sustain an accidental personal injury, arising out of and in the course of his employment with the respondent herein resulting in his death.

"It is therefore ordered by the trial commissioner

"That the claim of the claimants herein is hereby denied for the reason that the deceased Oscar L. Cummins, did not sustain an accidental personal injury, arising out of and in the course of his employment with the respondent herein resulting in his death."

The sole issue is the State Industrial Commission erred as a matter of law in finding that Oscar L. Cummins, hereinafter called Cummins, did not sustain an accidental injury arising out of and in the course of his employment.

The evidence discloses that on April 9, 1952, Cummins was employed at the Ft. Gibson Dam Project as an employee of W. R. Grimshaw Company. He became ill at approximately 3 P. M. on said day and was taken in an ambulance to the Tahlequah City Hospital where he died at 4:07 P. M. on the same day. The duties of Cummins were to operate levers on a concrete mixing and loading machine. He had been operating the levers of this machine mixing and loading a truck from 8:15 to 10:30 A. M. of said date. Each load is called a batch. There are five levers on the machine including the loading lever. The operation of the machine was steady and continuous for this period except for certain intervals of rest occasioned by the waiting for the dumping of the truck. On this morning Cummins poured 21 batches. Cummins and another employee assisted a third employee in hanging the vibrator which consisted of lifting the vibrator six and one-half feet in the air and hanging it in position on a catch. This vibrator weighed 120 pounds. An employee testified that after 10:30 A. M. Cummins took a tin box weighing approximately ten pounds to the repair shop and that at the noon hour he saw Cummins at lunch. No one who testified saw Cummins again until at approximately 3 o'clock when he was found sitting at an outside door. He stated he was ill. As stated above, he was taken to the hospital from the premises where he was found and died at 4:07 P. M. of the same day.

A physician testifying for claimant stated that a few weeks before his death he had examined Cummins and found him suffering from heart trouble. He testified that in his opinion the death of Cummins was due to the strain and exertion on the morning of his work between 8:15 and 10:30 A. M.

In the brief, claimant states that the proceeding must be remanded to the State Industrial Commission for the reason that it is impossible to determine from the order made whether the State Industrial Commission found that Cummins died from a heart attack resulting from his work and that this did not constitute an accidental injury or whether the State Industrial Commission found that he did not die of a heart attack but from a diseased condition irrespective of the work performed. With this contention we agree. In Corzine v. Traders Compress, 196 Okl. 259, 164 P.2d 625, a similar, if not an identical, situation confronted this court. Therein it is stated:

"It is the duty of the State Industrial Commission to make specific findings of the ultimate facts responsive to the issues as well as the conclusions of law upon which an order is made granting or denying an award of compensation to a claimant.

"Where the findings of fact and conclusions of law of the State Industrial Commission are too indefinite and uncertain for judicial interpretation, this court, on appeal, will vacate the order for further proceedings."

Also see DeVore v. Maidt Plastering Co., 205 Okl. 612, 239 P.2d 520.

The only evidence offered by respondent was two reports of physicians. There was no attempt by either of these physicians to establish the cause of the death of Cummins other than to state that it resulted from a coronary occlusion. There was no attempt to establish whether it was a result of a prior diseased condition of the heart or resulted from an accidental injury.

In the instant case, we are unable to determine whether the Commission intended to find that the heavy work Cummins performed on the day of his death, or whether the work did not aggravate and accelerate his heart disease so as to result in the fatal occlusion, or whether the Commission intended to find that such exertion did aggravate and accelerate a previously existing

heart disease and result in such fatal occlusion, but that same did not constitute an "accidental injury" within the meaning of the Workmen's Compensation Act.

■ The finding of the Commission is too indefinite and uncertain for judicial interpretation and to form the basis of an order denying compensation.

The order denying the award is vacated and the cause remanded to the State Industrial Commission for further proceedings consistent with the views herein expressed.