MORRIS
v.
STATE INDUSTRIAL COMMISSION et al.
No. 36273.

Supreme Court of Oklahoma.
March 30, 1954.

Richard E. Romang, Enid, for petitioner.

Fenton & Fenton, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

Harold Lynn Morris, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while engaged as a construction worker for the employer, Eldridge Construction, he sustained an accidental injury on November 14, 1952, when he injured his back. The State Industrial Commission denied an award in a proceeding against the employer and its insurance carrier, Tri-State Insurance Company, hereinafter referred to as respondents, and claimant has brought this proceeding to review the order denying the award.

Claimant testified that he went to a shed used for supplies and was standing on a nail keg to get some caulking compound from a shelf; the compound was too high to reach easily and when he attempted to reach a little higher the nail keg flew out from under him and he fell lighting on his right knee. The pain was severe in his right knee and part of his leg. He did not notice any pain in his back at that time. He went back to the office after resting for approximately ten minutes and told his fellow employee that he fell from a keg. He was alone when he fell and no one but his fellow employee was present in the office. He noticed the injury to his back on the next day which was Saturday. It was his day off. He was treated by a physician on Sunday and was unable to report for work the following Monday. The manager of employer sent him to the employer's doctor on Monday following the accident on Friday. He was sent to the hospital and given penicillin and shots. He went home November 23rd. He saw several doctors and later was placed in the hospital again. On January 7, 1953, he was released by the employer's doctor.

An order denying an award was made by the trial commissioner. This order was vacated by the Commission en banc and further proceedings conducted. The testimony at the subsequent proceeding did not substantially differ from that taken before the first order. Another doctor testified for claimant and the doctor who first treated claimant testified for the respondent at this hearing.

The final order is in part as follows:

"That on November 14, 1952, the claimant herein was in the employ of the respondent and engaged in a hazardous employment, subject to and covered by the provisions of the Workmen's Compensation Law, and on said date the claimant sustained an accidental personal injury, arising out of and in the course of his employment, consisting of an injury to his right knee.

"That at the time of said injury, the claimant's wages were sufficient to fix his rate of compensation at $25.00 per week; that claimant lost no compensable time as a result of said injury.

"That claimant did not sustain any permanent partial disability, as a result of said injury; that claimant's disability, if any, is a result of disease, rather than an accidental personal injury; and, therefore, the claimant's claim for compensation is denied."

This order is identical with the former order vacated by the State Industrial Commission.

In his first proposition claimant argues that the finding of the State Industrial Commission is indefinite, uncertain and not responsive to the issue presented at the hearings. We are of the opinion that this proposition is determinative of the issues presented. Five medical expert witnesses testified or filed reports. Not a single one of these experts described a knee injury. The finding of the State Industrial Commission that claimant sustained an injury to his knee is not supported by any competent evidence. The question then remains, is claimant entitled to a finding on the question of whether he sustained an ac-

cidental injury to his back and whether there is a disability to the back from such injury. We are of the opinion and hold that he is entitled to such finding. Claimant did not assert any knee injury. He specifically set up a claim for an injury to his back. Two medical expert witnesses testified that claimant had sustained a back injury and that he had a disability due to such injury. The order does not determine whether he sustained a back injury or whether he has any disability due to the back injury. It determined claimant has no disability due to "said" injury, "said" injury was determined to be an injury to the knee. Claimant is entitled to a finding as to whether he sustained an accidental injury to his back and if so whether he has any disability as a result of the accidental injury to his back. In this connection see, Conrad v. State Industrial Commission, 181 Okl. 324, 73 P.2d 858; Derr v. Weaver, 173 Okl. 140, 47 P.2d 573.

The order denying the award is vacated with directions to proceed in accordance with the views herein expressed.

HALLEY, C. J., and CORN, ARNOLD, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.