Francis BUTTS, Petitioner,

v.

ROSE DRILLING COMPANY, Tri-State Insurance Company and the State Industrial Commission, Respondents.

In the Matter of the Death of Earl Butts.

No. 37371.

Supreme Court of Oklahoma.

Dec. 11, 1956.

Floyd L. Walker and Poe, Murdock & Langford, Tulsa, for petitioner.

Covington & Donovan, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

CARLILE, Justice.

On November 2, 1954 Earl Butts, an oil well driller, while in the employ of Rose

Drilling Company and engaged in the course of his employment, suddenly fell backward and died within fifteen or twenty minutes thereafter.

On November 13, 1954 Francis Butts, surviving widow and sole dependent heir of deceased, filed a claim for compensation against Padgett-Eller Drilling Company in which she states that on November 2, 1954 deceased, while in the employ of said company, sustained an accidental injury consisting of an injury to his heart, resulting in his death; that the heart attack was brought about by overexertion and strain while engaged in performing the work he was employed to do.

The claim was thereafter by agreement of the parties amended by substituting the Rose Drilling Company as deceased's employer instead of Padgett-Eller Drilling Company.

It was then stipuated that the Tri-State Insurance Company was compensation insurance carrier of the Rose Drilling Company.

Rose Drilling Company and its insurance carrier, referred to as respondents herein, defended on the theory that deceased did not sustain an accidental injury arising out of and in the course of his employment with the Rose Drilling Company and that claimant was, therefore, not entitled to recover compensation.

The trial commissioner found that the evidence is insufficient to show that deceased, Earl Butts, died as a result of an accidental personal injury while in the course of his employment with respondent, as defined by the Workmen's Compensation Law of the State of Oklahoma, 85 O.S.1951 § 1 et seq., and upon such finding entered an order denying compensation. The order was sustained on appeal to the Commission en banc.

Claimant brings the case here to review this order and contends that it is not sustained by the evidence and is contrary to law. It is claimant's contention that deceased, while in the employ of the Rose Drilling Company and while engaged in the course of his employment, suffered a heart attack resulting in his death, and that such heart attack was brought about by overexertion and strain while engaged in performing the work he was employed to do. Respondents contend the contrary. The issues thus raised require a review of the evidence.

Carl Butts, nephew of deceased, testified that at the time the incident here involved occurred he and deceased were engaged in rigging up and getting ready to drill an oil well; that they were then engaged in pulling up into the rig a crane where it was to be fastened and later used in drilling. The witness was up in the rig and the crane had been attached to the rope. In performing this operation deceased operated the levers of the drilling rig and in order to raise the crane up a pulley was used, which pulley was located at the top of the rig and the rope, which was an ordinary Manila hemp rope about one and one-eighth inch in diameter, extending down through the pulley to what is commonly called a cathead or a cathead drum on the drilling unit. The cathead is simply a large steel spool around which the rope is wound while the crane is being hoisted into the rig. Deceased, in the process of raising the crane, wound the end of the rope around the cathead several times and then started the drilling rig and the rope wound itself around the cathead as the crane was raised. The lifting was done by the drilling unit itself. On the occasion in question, as the rope was winding around the cathead while the crane was being lifted, the rope failed to go on the cathead smoothly and about three strands of rope had overlapped, which prevented the raising of the crane until this trouble was corrected. Deceased then obtained an iron bar and placed it between the strands of rope and started prying on the rope in order to get slack enough to untangle it and remove the trouble. He was engaged in the performance of this service for about five minutes when he suddenly fell backward and died.

The evidence further shows that deceased, while engaged in attempting to untangle the rope with the crane attached to it by using the iron bar, was lifting a weight of about two hundred pounds.

There is no evidence that deceased had prior to the date upon which he met his death sustained any heart attack; that he was an able bodied man, except that for several years prior to that time he had on different occasions suffered severe cramps in his leg and toes which made it difficult for him to move about. The evidence, however, shows that he lost very little time, if any, from his work because of this complaint.

The medical evidence consists of the evidence of two different doctors. Dr. H. testified that he was called upon to examine Earl Butts, deceased, on November 2, 1954; that he saw him at the drilling rig near Collinsville, Oklahoma on the Sam Jost lease. Earl Butts was dead upon his arrival. He examined the body. He found no marks, blood stains or lacerations on the body. He called Carl Butts, nephew of deceased, and obtained a history from him which, as detailed by the doctor, is substantially as above stated:

The doctor further testified:

"Q. Well, from your inspection of the body and from the history that was given to you by the witness that was present at the time of the actual fall of this man, were you able to come to a conclusion and form an opinion as to what had caused the man's death? A. Well, my opinion would be this—if I just had to say— I would say he probably died of a heart attack, first choice, and the second choice would be embolus of some sort, and the third would be CVA."

On cross examination the doctor stated he had no definite opinion as to what caused Earl Butts' death; that he advised an autopsy; that he nor any other doctor could form any definite opinion as to what caused his death without an autopsy.

Dr. T. testified that he had never seen deceased, Earl Butts, in his lifetime, nor did he examine the body after his death. He, however, testified in answer to a hypothetical question based upon the evidence adduced at the hearing as follows:

"* * * In the first place, if we were to take into account just his sex and his age and the mode of his death, I would say he had much better than fifty percent chance of coronary artery disease, and it is an accepted fact strenuous exertion, physical activities, may precipitate sudden death in coronary artery disease. * * * —if we take into consideration his sex, his age, and he died very suddenly, I would say he would have better than seventy percent chance of dying of a disease in which violent exercises could precipitate sudden death. What I am getting at is— the very rapid type of death in this man of fifty-five or fifty-six years of age, certainly indicates that he probably had a very severe accident or severe disease involving something in his cardio vascular system—heart and vessels—it is very probable. We know strain, vigorous physical activities may perpetuate sudden death with people with this underlying problem."

He further testified that if deceased immediately prior to his death was engaged in lifting a weight of approximately two hundred pounds with an iron bar such exercise would likely have precipitated a cardio vascular attack.

This, in substance, constitutes the evidence in the case.

█ We have heretofore held that a disability attributable to a condition of the heart is compensable if traceable to an accidental personal injury sustained in the course of and arising out of hazardous employment covered by the Act. Gulf Oil Corporation v. Rouse, 202 Okl. 395, 214 P.2d 251; Boettcher Oil & Gas Co. v. Lamb, 208 Okl. 192, 255 P.2d 277; State Highway Department v. Powell, Okl., 258 P.2d 1189.

The Commission, however, found that the evidence was insufficient to show that deceased, Earl Butts, died as a result of an accidental personal injury sustained while in the course of his employment.

Claimant contends this finding is too indefinite and uncertain for judicial interpretation, and that the order of the Commission based thereon denying compensation should, therefore, be vacated. We have so held as to a similar finding in Cummins v. State Industrial Commission, Okl., 264 P.2d 721. In that case it appears that an employee of W. R. Grimshaw Company died as the result of a heart attack sustained while engaged in performing the work he was employed to do. The Commission there found:

> " 'That the claim herein should be denied for the reason that the evidence shows that the deceased, Oscar L. Cummins, did not sustain an accidental personal injury, arising out of and in the course of his employment with the respondent herein resulting in his death.' "

And upon such finding entered an order denying compensation. We held the finding too indefinite and uncertain for judicial construction and vacated the award. We there said:

> "In the instant case, we are unable to determine whether the Commission intended to find that the heavy work Cummins performed on the day of his death, or whether the work did not aggravate and accelerate his heart disease so as to result in the fatal occlusion, or whether the Commission intended to find that such exertion did aggravate and accelerate a previously existing heart disease and result in such fatal occlusion, but that same did not constitute an 'accidental injury' within

the meaning of the Workmen's Compensation Act."

■ We have many times held that it is the duty of the State Industrial Commission to make specific findings of the ultimate facts responsive to the issues as well as the conclusions of law upon which an order is made granting or denying an award of compensation to a claimant.

■ Where the findings of fact and conclusions of law of the State Industrial Commission are too indefinite and uncertain for judicial interpretation this court on appeal will vacate the order for further proceedings. Corzine v. Traders Compress, 196 Okl. 259, 164 P.2d 625; Adams v. City of Anadarko, 198 Okl. 484, 180 P.2d 159; De Vore v. Maidt Plastering Co., 205 Okl. 612, 239 P.2d 520, and other cases.

It is not altogether clear upon what theory the Commission denied claimant an award. It is probable, however, from some of the argument advanced by respondents in their brief that the award was denied on the theory that even though the activities and exercise in which Earl Butts, deceased, was engaged immediately prior to the time of his death brought about the heart attack causing his death the injury thus sustained did not constitute an accidental injury within the meaning of the Workmen's Compensation Law. If so the Commission erred as a matter of law in denying compensation.

Award vacated for further proceedings in accordance with the views herein expressed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, BLACKBIRD and CARLILE, JJ., concur.

WELCH and JACKSON, JJ., dissent.