Frank H. LONDON, Petitioner,

v.

W. M. DERRICK PAINT COMPANY, Hartford Accident and Indemnity Company, and State Industrial Commission of the State of Oklahoma, Respondents.

No. 38504.

Supreme Court of Oklahoma.

Nov. 3, 1959.

Spencer W. Lynn, Oklahoma City, for petitioner.

John B. McCaleb, Fenton & Fenton, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, Justice.

On the 17th day of June, 1957, Frank H. London, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by W. M. Derrick Paint Company he sustained an accidental injury arising out of and in the course of his employment on June 5, 1957. The trial judge denied an award and the order denying the award was affirmed on appeal to the Commission en banc.

Claimant has brought this proceeding against the employer and its insurance carrier, Hartford Accident and Indemnity Company, hereinafter called respondents to review the order denying the award.

The record discloses that on June 5, 1957, claimant was a painter, painting the outside of a building. He was on top of an eighteen foot rolling scaffold when he fell to the floor of the section below. As he fell he caught with his right hand. He was hospitalized on June 18, 1957. A hernia was repaired and he was released from the hospital on June 26, 1957. At a hearing on April 25, 1958, claimant testified that when he fell he struck his head against the wall of a building; that he became sick but remained on the job and thereafter experienced severe headaches and vomiting spells and has dizzy spells resulting in nausea. His testimony, supported by that of his doctor, is that by reason of this head injury he is temporarily totally disabled. The doctor stated that although he has no organic injury he is unemployable because he suffers a severe anxiety hysteria. The order of the State Industrial Commission is as follows:

"Now on this 5th day of August, 1958, this cause comes on for consideration, pursuant to regular assignment and hearing at Oklahoma City, Oklahoma before Trial Judge Hubert Hargrave, claimant appearing in person, and by his attorney, Spencer Lynn, respondent and insurance carrier appearing by their attorney, John McCaleb.

"The Trial Judge, Hubert Hargrave, having considered the evidence, records, and being fully advised in the premises, finds:

–1–

"That claimant sustained an accidental personal injury, arising out of and in the course of his hazardous employment with the above named respondent, within the terms and meaning of the Workmen's Compensation Law, on June 5, 1957, consisting of injury to his testicles.

"That at the time of said injury, claimant's wages were sufficient to fix his rate of compensation at $35.00 per week; that as a result of said injury, claimant was temporarily totally disabled from ——————— for which period of time claimant is entitled to compensation for ——————— Claimant has been operated for a hernia and paid 14 weeks compensation.

"That as a result of said injury, claimant has sustained no permanent partial disability to his body.

"It is further ordered that within twenty days from the date of filing of this order, respondent or insurance carrier file herein proper receipt evidencing compliance herewith."

 Claimant argues that the order made is not responsive to the sole issue presented to the State Industrial Commission. We agree. The order makes no finding as to the only issue of temporary total disability. Clamiant did not claim a disability due to damage to the testicles. The doctor who repaired the right femoral hernia filed two reports which are to the effect that the hernia was repaired without any residual disability. This doctor told claimant that for some time he would experience discomfort in the right testicle. All the doctors who testified stated there was no other disability due to the hernia and that any other discomfort in the region of the hernia was due to the hernia and was temporary and not disabling. All of the evidence offered by claimant dealt with the disability due to the head injury. Three doctors filed reports for respondents and each of these doctors mentioned the head injury. We considered a somwhat similar situation in Morris v. State Industrial Commission, Okl., 268 P.2d 895, 896. The claimant had sought to establish a claim based on a back injury due to a fall. The State Industrial Commission found claimant had sustained no injury due to the knee. We remanded the cause with directions to make a finding as to whether claimant had sustained any disability due to an injury to his back. Therein we stated:

"Under the provisions of 85 O.S.1951 sec. 1 et seq., the parties before the State Industrial Commission are en-

titled to a finding of fact on the principal issue presented and where there has been a substantial failure in this respect the order or award will be vacated for further proceedings."

The order is vague and is not responsive to the issue presented, neither is it susceptible of judicial interpretation. Corzine v. Traders Compress, 196 Okl. 259, 164 P.2d 625.

The order is vacated and the cause remanded to the State Industrial Commission with directions to proceed in accordance with the views herein expressed.