Robert Victor MOSIER, Petitioner,

v.

L. C. JONES, Truck Insurance Exchange
and State Industrial Court,
Respondents.

No. 38459.

Supreme Court of Oklahoma.

May 3, 1960.

Howard C. Triggs, Oklahoma City, for
petitioner.

Savage, Gibson, Benefield & Shelton,
Oklahoma City, Mac Q. Williamson, Atty.
Gen., for respondents.

BLACKBIRD, Justice.

On the 2nd day of January, 1958, Robert Victor Mosier, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by L. C. Jones he sustained an accidental injury arising out of his employment December 17, 1957. The State Industrial Court entered an award, in part as follows:

"That claimant sustained an accidental personal injury, arising out of and in the course of his hazardous em-

ployment with the above named respondent, within the terms and meaning of the Workmen's Compensation Law, on December 17, 1957, consisting of injury to his head.

"That at the time of said injury, claimant's wages were sufficient to fix his rate of compensation at $35.00 per week for TTD and $30.00 per week for PPD; that as a result of said injury, claimant was temporarily totally disabled from December 17, 1957 to April 8, 1958, for which period of time claimant is entitled to compensation for 16 weeks and no days in the total amount of $560.00, of which $350.00 has been paid, leaving $210.00 balance due claimant for TTD.

"That as a result of said injury, claimant has sustained 5 per cent permanent partial disability to the body as a whole for which disability claimant is entitled to compensation for 25 weeks at $30.00 per week, or the total amount of $750.00, of which 15 have accrued to July 21, 1958, and shall be paid in a lump sum of $450.00 balance of award to be paid at the rate of $30.00 per week from July 21, 1958."

This proceeding is brought by the claimant to review the award in part.

The record discloses that claimant was injured in New Mexico when he was struck in the head while unloading pipe. He was examined in New Mexico at a hospital but was not hospitalized. He returned to Oklahoma City, arriving there in the early morning of December 18, 1957. He reported to his employer and was sent to Dr. R who took him to the hospital for the purpose of taking X-rays. He was not hospitalized. He was subsequently examined by several doctors, including Dr. S and two neutral doctors appointed by the State Industrial Court to make an examination.

Claimant argues that the State Industrial Court erred as a matter of law in failing to make a finding as to the claimed disabil-

ity to the right eye. Five different reports were filed by claimant to support a disability to the right eye. These reports were made by Dr. S, Dr. KR and Dr. C. Nine reports were filed by respondent. They were made by Dr. R, Dr. K and another Dr. R. Two neutral physicians appointed by the State Industrial Court also filed reports. All but one of these reports above referred to mentioned the degree of disability caused by the head injury and the disability to the eye. The last eye specialist appointed by the State Industrial Court stated there was no disability to the eye caused by the accidental injury. The experts for claimant found a disability to the right eye of from 20/100 to 20/400. One physician for respondent stated that claimant was a malingerer as shown by secret tests used in the examination of claimant's eye.

■ Claimant cites London v. W. M. Derrick Paint Co., Okl., 345 P.2d 1117, and Morris v. State Industrial Commission, Okl., 268 P.2d 895. These cases are readily distinguishable from the case under consideration. In London v. W. M. Derrick Paint Co., supra, the State Industrial Court made a finding as to a disability not even asserted by claimant; while in Morris v. State Industrial Commission, supra, the State Industrial Court made a finding based on a knee injury, whereas claimant was asserting a claim due to a back injury. In the case we are now considering, claimant based his entire disability on an injury to the head, and the accidental injury to the eye was asserted because of the blow on the head.

■ We are of the opinion and hold the record discloses a full and complete consideration by the State Industrial Court of the injury to the eye, and that the claimant was not prejudiced by a failure to make a specific finding in relation thereto.

■ The second proposition is that the State Industrial Court should have allowed certain medical fees. The only medical bills presented by claimant were for $220

for Dr. S and $127.65 for hospitalization. The record discloses these bills were all in connection with the examinations necessary to testifying, and were not for treatment. There was no error in failing to allow these bills.

Award sustained.