James E. GREGORY, Petitioner,

v.

STATE INDUSTRIAL COMMISSION, Oklahoma State Highway Department, State Insurance Fund, Respondents.

No. 38721.

Supreme Court of Oklahoma.

March 21, 1961.

Young, Young & Young, Sapulpa, for petitioner.

Mont R. Powell, Jack Baird, Moraul Bosonetto, Oklahoma City, for respondents.

WELCH, Justice.

This appeal is from an order of the Industrial Court denying award of compensation for claimant.

The pertinent part of the order appealed from states:

"That claimant has not sustained a change of condition for the worse since this commission's order of July 2, 1956, and therefore, his application to re-open on a change of condition for the worse filed herein on January 14, 1958, should be denied."

This order was dated March 27, 1959.

It is contended by the claimant that the findings of fact and conclusions of law of the State Industrial Court, both on the original award and upon the denial order on ap-

plication for additional compensation upon change of condition for the worse, are too indefinite and uncertain for judicial interpretation and should be vacated and declared void for uncertainty.

■ Claimant argues that he was entitled to a determination of the ultimate facts from the Industrial Court as to the nature, extent and percentage of his original disability and the amount he actually collected from a third party and the amount to which the insurance carrier in the compensation case is subrogated. In support of this argument the following authorities are cited in claimant's brief: Cummins et al. v. State Industrial Commission, Okl., 264 P.2d 721; Butts v. Rose Drilling Co., Okl., 304 P.2d 986; Boen v. State Industrial Commission, 202 Okl. 258, 212 P.2d 457; Devore v. Maidt Plastering Co., 205 Okl. 612, 239 P.2d 520; Fischback & Moore of Texas, Inc. v. State Industrial Commission, 201 Okl. 170, 203 P.2d 422; Special Indemnity Fund v. Knight, 201 Okl. 24, 200 P.2d 766; Special Indemnity Fund v. Hewes, 202 Okl. 356, 214 P.2d 240; Bowling v. Blackwell Zinc Co., Okl., 347 P.2d 1024. In all of these cases we are committed to the rule that where the findings of fact and conclusions of law of the State Industrial Court are too indefinite and uncertain for judicial interpretation, this court, on appeal, will vacate the order for further proceedings.

Upon examination of these authorities we do not find them to be in point or analogous to the present situation. In each of the above cases it was clear that one could not understand from the order what set of facts or conclusion of law the order was based on. Furthermore, none of these cases were based upon the determination of a change of condition subsequent to prior hearing. Here, in the order appealed from, the Industrial Court had before it for determination only one question. That was whether from the evidence adduced the claimant's condition had changed since the prior hearing. From the contents of the order it is clear that the Industrial Court's order was based on a determination of the

fact that claimant's evidence was insufficient to show a change of condition. This is neither indefinite nor uncertain and fully determined the only issue presented.

Claimant has failed to cite any authorities on the question of what finding is necessary where claimant's application is denied, and through our independent research we have been unable to find any. However, in the case of Poe v. Caswell-Runyan Co., 91 Ind. App. 304, 171 N.E. 223, it was held:

"Industrial Board's failure to find change in condition of employee's injury held equivalent to finding against employer asking review because of change."

Also see 71 C.J. page 1460, Sec. 1436, and 101 C.J.S. Workmen's Compensation § 867 (d), pp. 281 and 282.

We are of the opinion the above rule may be equally applied where claimant files application, and Industrial Court fails to find a change of condition.

■ Therefore, the order of the Industrial Court finding that claimant was not entitled to recover because evidence was insufficient to sustain his application and show a change of condition, will not be vacated for uncertainty.

■ As to the contention of claimant concerning the order of July 2, 1956, we must keep in mind that this order was not appealed from and has now become final. Therefore, the attack on the same in this appeal is in the nature of a collateral attack, and unless the same is void it would not constitute subject-matter for our consideration. Tidal Refining Co. v. Tivis, 91 Okl. 189, 217 P. 163.

It is the contention of the claimant that said order is void because of indefiniteness and uncertainty. The claimant has failed to cite any cases to support this argument, and the only authority which he has called to our attention is the rule enunciated in Sec. 57, Judgments, 30A Amer.Juris. which is to the effect that a judgment may be rendered void for uncertainty when it is so uncertain that the parties are unable to ascertain the extent of their rights from said judgment.

The record reveals that in the order of July 2, 1956, the Industrial Court found:

"That on September 21, 1954, claimant was employed by respondent in a hazardous occupation within the purview of the Workmen's Law, and on said date sustained an alleged injury to his neck, head, right hip, left knee, left great toe, ribs, and abdomen, arising out of and in the course of his employment.

"That at the time of alleged injury claimant's average wage was sufficient to fix his compensation rate at $28.00 per week; that claimant was temporary totally disabled from the date of the injury to April 28, 1955, was paid salary until October 20, 1954, and from that date was paid temporary total disability compensation to April 28, 1955, in the amount of $758.00 when his temporary total disability terminated; that claimant was furnished medical care by respondent and insurance carrier.

"That claimant has heretofore pursued his remedy against a third party in a civil action wherein he obtained a judgment in the amount of $8000.00 which amount is in the excess of the amount this Commission would award him under the medical evidence adduced, and therefore claimant's claim for compensation should be denied."

In his application for this hearing claimant stated that the purpose for which he sought the hearing was for the Industrial Court to determine the nature and extent of his permanent disability, in order that he may receive the amount in excess of $8,758 from the respondent. He explicitly stated that respondent was entitled to credit for the sum of $8,758.

The Industrial Court apparently determined his percentage of total permanent disability on the basis of $28 per week, and found that his disability was not such as would, when computed on a dollar basis, exceed the amount he had already received.

We agree that the order would have been more explicit and more in conformity with the prayer of the application had it computed the $8,000 into weeks based on $28 per week, which would have amounted to 285 weeks, or 57 percent total permanent disability. However, had the Industrial Court done so, we are unable to see where claimant would have benefitted therefrom, nor has claimant indicated in his brief in what way he would benefit by such detail finding.

■ It has been held that a judgment is sufficient if it can be made certain by reference to pleadings or papers on file in the case and under the whole record its sense can be clearly ascertained. Section 57, Judgment, 30A. Amer.Jur.; 49 C.J.S. Judgments § 72; State ex rel. Whatley v. Mueller, Mo.App., 288 S.W.2d 405; Vasiljevich et al. v. Radanovich, 138 Cal.App. 97, 31 P.2d 802.

■ We are of the opinion that in this case the order is sufficient for the parties to determine the nature and extent of their rights without having to refer to pleadings and papers of record.

Therefore, the order of the Industrial Court is affirmed.

WILLIAMS, C. J., and DAVISON, HALLEY, JOHNSON and JACKSON, JJ., concur.

BLACKBIRD, V. C. J., and IRWIN and BERRY, JJ., dissent.

IRWIN, Justice (dissenting).

The sole issue the State Industrial Court had jurisdiction to consider in the proceeding under review was whether or not since the last prior order claimant's disability attributable to the original injury had increased to that degree which entitled him to compensation in excess of the amount for which the employer would be entitled to credit. In my judgment, the order entered on March 27, 1959, is too indefinite and uncertain for judicial interpretation as to form a basis for an order denying compensation under the facts in the case.

The challenged order states in pertinent part:

"That claimant has not sustained a change of condition for the worse since this Commission's order of July 2, 1956, and therefore, his application to reopen on a change of condition for the worse filed herein on January 14, 1958, should be denied."

In my judgment, this finding would appear sufficiently definite if it were entered in an ordinary proceeding, where, after a specific adjudication of former disability, additional compensation is sought on change of condition for the worse. Only when the former condition has been determined may the State Industrial Court properly find whether or not a physical change has subsequently occurred. See O. M. Bilharz Mining Co. v. Clark, 153 Okl. 31, 4 P.2d 729.

In this cause the antecedent physical condition remained an unknown factor. The July 2nd, 1956 order, now final, made no determination of employee's disability in definite terms of its percentage, but instead fixed it at a pecuniary level "of less than $8000.00". There was no available gauge by which to measure the factum of "a change" in relation to the former physical condition. It is not clear whether the "application to reopen" was denied on the grounds that claimant's present disability was still less than, and had not increased to, the percentage necessary to obtain benefits in excess of the sums previously collected for which the employer would be entitled credit, or because his physical condition had remained the same since the last prior order. As there was no yardstick by which to evaluate a "physical change", if any (other than by the "pecuniary formula" set forth above), the order under review could have been based only on the theory that claimant's present disability still did not, under the law, permit the allowance of a deficiency between the amount previously collected and the quantum of compensation to which claimant was entitled under the Workmen's Compensation Act.

The degree of claimant's existing disability was clearly a fact in issue on which a finding was required. In my judgment the finding as made did not afford a clear and definite basis on which to rest an order denying further award. There was a substantial failure in this respect. Morris v. State Industrial Commission, Okl., 268 P.2d 895; Richardson v. M. & D. Freight Lines, Okl., 322 P.2d 192. In Bowling v. Blackwell Zinc Co., Okl., 347 P.2d 1024, 1025 it is held:

"In workmen's compensation proceeding State Industrial Commission must make specific findings of ultimate facts responsive to issues raised by the pleadings or evidence, as well as conclusions upon which an order is made granting or denying compensation, and where Commission fails to make such findings, the order will be vacated and cause remanded for further proceedings."

In my judgment the State Industrial Court was not authorized under the facts in this cause to ascertain claimant's right, if any, to an additional award without first determining whether or not since the order of July 2, 1956, claimant's aggregate disability attributable to the original injury, when calculated in terms of statutory benefits, had increased. Before the Industrial Court could make such determination, it was necessary (a) to fix the nature and the aggregate percentage of claimant's permanent disability attributable to the original injury, subsisting at the date of hearing on the application to reopen; and (b) to compute the amount of compensation benefits allowable therefor under the statute. Only if the amount arrived at were greater than the sum for which employer was entitled to credit, would a change of condition be shown so as to entitle claimant to additional compensation. Standard Brands, Inc., v. Gregor, Okl., 328 P.2d 181.

In my judgment, the Order of March 27, 1959, should be vacated and the cause remanded with directions to make necessary and proper findings, as hereinabove indicated. I therefore respectfully dissent to the opinion promulgated by a majority of my associates.

I am authorized to state that BLACKBIRD, V. C. J., and BERRY, J., concur in the views herein expressed.