Loyd W. BROOKSHIRE, Petitioner,

v.

KNIPPERS PLUMBING COMPANY, Travelers Insurance Company, and State Industrial Court of the State of Oklahoma, Respondents.

No. 40450.

Supreme Court of Oklahoma.

March 24, 1964.

Hatcher & Powell, Oklahoma City, for petitioner.

Looney, Watts, Looney, Nichols & Johnson, Oklahoma City, for respondents.

WILLIAMS, Justice.

This is an original proceeding brought by Loyd W. Brookshire, claimant, to review an order of the State Industrial Court denying him an award. Claimant filed his first notice of injury and claim for compensation, stating that while employed by Knippers Plumbing Company, respondent, he sustained an accidental injury arising out of and in the course of his employment on October 5, 1961, when an employee of Joe P. Dorsey Construction Company swung a backhoe machine into claimant's stomach causing him internal injuries and injury to his back, stomach, and neck.

The claim was heard by a single trial judge. Claimant testified that at 4:00 o'clock on October 5, 1961, he was an employee of respondent as a plumber; that Joe P. Dorsey Construction Company was digging an excavation for a fall-out shelter at 5901 North Billen in Oklahoma City, with a backhoe machine, had broken the sewer line, and he had been sent to said address by his employer to bypass the fall-out shelter with the sewer line; that at said time and on said date he was standing at the southwest corner of the excavation waiting on the backhoe operator to dig more dirt out from under the sewer line; that the operator brought up a bucket of dirt, swung it to the right causing the bucket load of dirt to hit him in the stomach, knocking him backwards and down upon some large clods, thereby causing injury to his stomach, back and neck, and internal injuries. He also offered testimony to the effect that after the accident the machine operator left with the machine; that he (claimant) went ahead with the repair of the sewer line, being assisted by the owner of the premises. He further testified that he knew the owner of the premises was a doctor but made no complaint to him about the injury; that when he returned to the shop that day he notified his employer's wife of the accident but did not notify his employer until the next day, at which time his employer informed him he should see a doctor. He also testified that he continued to work at the shop for three or four days and then went to a Dr. F. He then sought the services of Dr. Sp. who was still treating him.

A Dr. St. testified for the claimant, giving as his opinion that claimant had suffered a strain of the lumbar muscles, and injury to the previously repaired colon, causing 15 per cent partial permanent disability to the body as a whole, which was due to the injury of October 5, 1961.

On cross-examination claimant admitted to several previous accidental injuries to his back and other portions of his body including the injury to his colon in 1956 necessitating surgery. The medical testimony of respondent was by a Dr. F., who stated there was no disability due to the alleged injury; that he had previously examined claimant on November 3, 1958, for an injury to his upper abdomen, chest and back, and that his present condition was the same as it was in 1958. It was his opinion there was no evidence of an accidental injury. In addition to medical testimony respondent offered the testimony of the owners of the premises at 5901 North Billen, a Dr. Montroy and his wife. Their testimony was to the effect that the backhoe machine had been removed from their premises prior to claimant's arrival to fix the sewer. In addition Dr. Montroy testified he assisted claimant in fixing the sewer; that claimant did not give the appearance of having sustained an accidental injury and said nothing to him concerning the alleged accident.

The trial judge found that claimant sustained an accidental personal injury to his back on October 5, 1961, which arose out of and in the course of his employment, and as a result thereof suffered 5 per cent permanent partial disability to his body as a whole. Based upon such findings he awarded claimant 25 weeks compensation in the total amount of $750.00. On appeal to the Industrial Court en banc the order of the

trial judge was vacated. The order on appeal is in part as follows:

"On January 21, 1963, this cause came on for hearing on appeal by the undersigned Judges, sitting en banc, from the order of the Trial Judge heretofore entered on October 5, 1962.

"After reviewing the record in this case, and being fully advised in the premises, said Judges find that said order should be vacated and the cause or claim denied.

"IT IS THEREFORE ORDERED that the order of the Trial Judge heretofore entered in this case on October 5, 1962, be and the same hereby is vacated, set aside and held for naught, and claimant's claim is denied."

 The gist of claimant's brief in this proceeding amounts to a contention that the finding and conclusion of the Industrial Court en banc is too indefinite and uncertain for judicial interpretation. With such contention we are inclined to agree. We note from the order entered that the Industrial Court made no definite findings as to whether claimant did or did not sustain an accidental injury; thus we are unable to determine if the Industrial Court denied the claim because it did not believe claimant had suffered an accidental injury or because it may have believed that although he did suffer an accidental injury he suffered no permanent disability therefrom. The fact that claimant may have suffered an accident does not, in itself, authorize an award to claimant. An award may be for some form of disability due to an injury resulting from the accident.

It is well settled that, "where the findings of fact and conclusions of law of the State Industrial Commission are too indefinite and uncertain for judicial interpretation, this court, on appeal, will vacate the order for further proceedings". Corzine v. Traders Compress, 196 Okl. 259, 164 P.2d 625; DeVore v. Maidt Plastering Co., 205 Okl. 612, 239 P.2d 520; Cummins v. State Industrial Commission, Okl., 264 P.2d 721.

In Corzine v. Traders Compress, supra, it is stated:

"It is the duty of the State Industrial Commission to make specific findings of the ultimate facts responsive to the issues as well as the conclusions of law upon which an order is made granting or denying an award of compensation to a claimant."

No useful purpose could be gained by citing and distinguishing the cases cited by both petitioner and respondent since none of the cited cases are applicable to the question here involved.

Since the finding and conclusion made herein by the Industrial Court is too indefinite and uncertain for judicial interpretation the order is vacated and the cause is remanded for further proceedings not inconsistent with the views herein expressed.