Carl W. CRESWELL, Petitioner,

v.

JONES DRILLING COMPANY, The Commercial Standard Insurance Company and the State Industrial Court, Respondents.

No. 41273.

Supreme Court of Oklahoma.

Nov. 2, 1965.

Robert N. Woodard, Paul Pugh, Oklahoma City, for petitioner.

Rinehart & Morrison, Oklahoma City, Charles R. Nesbitt, Atty. Gen., for respondents.

JACKSON, Vice Chief Justice.

This is an original proceeding for the review of an order of the State Industrial Court denying an award for permanent partial disability to Carl W. Creswell.

Creswell was injured in an oil field accident and was thereafter paid compensation for temporary total disability. He later filed his claim for permanent partial disability. The nature and extent of his injury was described in his claim as "right shoulder, right elbow, low back, upper back in area of right shoulder area and four fractured ribs and right kidney area and lacerated nose".

Prior to the hearing, on inquiry from the trial judge, the parties agreed that " * * * the claimant was injured as alleged and that he has been paid nine (9) weeks temporary total compensation * * *". They also agreed that "the only question is permanent partial disability and all other jurisdictional questions are stipulated to".

The trial judge, and thereafter the State Industrial Court en banc, found that claimant had suffered an accidental personal injury to "right shoulder and back" for which he had been paid temporary total disability, and specifically found that he had suffered no permanent disability.

In this court, claimant argues generally under two propositions that the order of the State Industrial Court is too vague, uncertain and indefinite for judicial interpretation, and that he was entitled to "specific findings of fact" on all issues. The gist of the argument is that claimant was entitled to a specific finding as to each one of the areas of the body mentioned in the quoted language from the claim.

We note that the quoted language itself, except for the phrases "four fractured ribs" and "lacerated nose", is uncertain and indefinite in that it mentions only the general areas of the body allegedly injured, without giving any of the details of the injury. There was no evidence concerning a "lacerated nose" and claimant makes no complaint in regard thereto.

Respondents introduced two reports from Dr. G. The first report was dated April 16, 1964, wherein Dr. G said claimant "received fractures of 4 ribs on the right, injury to kidney, right elbow, right shoulder and upper back. * * * He still complains of pain in his upper back, right shoulder and right elbow. He has an occasional tingling in right hand and some loss of strength in right hand. * * * He also has tenderness over the right medial epicondyle of the right elbow along the ulnar nerve. I feel he

has received a contusion of this nerve. * * * Diagnosis: 1. Acute sprain of cervical, dorsal and lumbar spinal ligaments and muscles. 2. Contusion of right elbow with ulnar nerve contusion. 3. Fracture of 9, 10, 11 & 12 ribs on the right."

In Dr. G's second report, dated June 18, 1964, he referred to his initial report of April 16, 1964, and said: "There is no permanent disability as I can see from this exam today. No further treatment is necessary."

From the foregoing it would appear that the Industrial Court was well aware of the nature and extent of claimant's original injuries.

█ If there had been any issue in this case as to the happening of the accident, or as to the extent of the injuries resulting therefrom, claimant's arguments would be valid. However, pursuant to the stipulation of the parties, the only issue before the court was whether permanent disability resulted from the admitted injuries. On this issue the court clearly and specifically ruled against claimant. It is not argued that the evidence, which was squarely in conflict, will not support such a finding. Although it might have been better for the State Industrial Court to use more precise language in describing the nature of claimant's injuries, we cannot say that the language used, when construed in the light of the record before us, is too uncertain and indefinite for judicial construction.

The cases cited in claimant's brief are all distinguishable on the facts. In London v. W. M. Derrick Paint Company, Okl., 345 P.2d 1117, an order of the State Industrial Court was vacated for further proceedings because it made no finding on the question of temporary total disability. This court noted in its opinion that "The order makes no finding as to the *only* issue of temporary total disability" (emphasis supplied). In the case now before us, the only issue was permanent partial disability, on which there was a specific finding.

In Morris v. State Industrial Commission, Okl., 268 P.2d 895, the claimant alleged that he had had an accident consisting of a fall with a resulting *back* injury. The State Industrial Commission found that he had an accidental personal injury consisting of an injury to his *knee*, but denied an award. On review this court pointed out that five medical experts testified in the case and that "Not a single one of these experts described a knee injury", and the order was vacated because there had been no finding of fact upon "the principal issue presented". However, in the Morris case, there was no stipulation as to the accident and the injury, as there was in the one now before us. We note also that in the instant case the letter-reports of both medical experts testifying specifically mentioned and discussed the injury to the right elbow. In this connection it should be noted that claimant's medical expert made his estimate of claimant's permanent partial disability in terms of injury to the body as a whole; he made no separate estimate of "specific member" disability to the right arm because of the elbow injury.

In Young v. City of Holdenville, Okl., 384 P.2d 905, the claimant was an elected official of the city of Holdenville. There was evidence that the city had procured Workmen's Compensation insurance and that claimant's salary had been included in the basis upon which the premiums were computed. Thus, one of the determinative issues in the case was whether the city, by its conduct, was estopped to deny the fact of its employment of claimant, under the "Estoppel Act", 85 O.S.1961, § 65.2 et seq. However, the State Industrial Court made no finding on this point, but denied the claim for the sole reason that claimant "was not an employee" of the city. This court determined, as a matter of law, that claimant was entitled to the protection of the "Estoppel Act" if her salary had been used as a basis for computing the premiums, and remanded the case to the State Industrial Court for a specific finding which would resolve that issue. Of course those facts bear no relation to the case now before us.

In Southwestern Light and Power Co. v. Pittman, 174 Okl. 296, 50 P.2d 298, the employer had filed an answer alleging that no written notice of the injury had been given and denying that the employer had actual notice. Without making a finding on this vital issue, which might have absolved the employer of all liability, the State Industrial Commission made an award in favor of claimant. This court vacated the award and remanded the case for further proceedings. No question of notice is involved in the case now before us.

In Corzine v. Traders Compress et al., 196 Okl. 259, 164 P.2d 625, the employer had filed a general denial, alleging also a failure of written notice with resulting prejudice, and that claimant's condition was the result of a pre-existing condition and not the accident. In the face of undisputed evidence that the accident did happen as alleged, the State Industrial Commission found only that the "evidence is insufficient" to support an award. On review, this court said:

> "* * * We are unable to determine whether the Commission intended to find and hold that the accident testified to by claimant did not occur, or whether it intended to hold that claimant did not receive a compensable injury by reason of such accident, and that the disability which he claims he subsequently suffered did not result therefrom, or whether the Commission intended to find that the accident did occur and resulted in disability, but that same did not arise out of and in the course of the workman's employment.
> * * * "

There is no such uncertainty in the case now before us. The parties hereto stipulated that the accident did happen; that claimant did receive the injuries alleged; that temporary total disability did result therefrom; that the employer had notice; and that claimant was engaged in hazardous employment with respondent at the time of the accident. These issues were thus withdrawn from the court's consideration, leaving only the issue of permanent partial disability to be resolved. After hearing undeniably conflicting evidence on that point, the State Industrial Court clearly and specifically ruled against claimant.

■ Since the order contains a specific finding upon the only issue properly before the court, it cannot be said to be too vague, indefinite and uncertain for judicial interpretation.

The order of the State Industrial Court is sustained.

HALLEY, C. J., and DAVISON, WILLIAMS, BLACKBIRD, IRWIN, BERRY and HODGES, JJ., concur.

LAVENDER, J., dissents.