FLINT CONSTRUCTION COMPANY and
St. Paul Fire and Marine Insurance
Company, Petitioners,

v.

Willow Mae WOODS and the State Industrial
Court of the State of Oklahoma, Respondents.

No. 41789.

Supreme Court of Oklahoma.

Feb. 21, 1967.

Dennis J. Downing, Tulsa, for petitioners.

B. E. Bill Harkey, Oklahoma City, Riley Q. Hunt, Jay, Charles R. Nesbitt, Atty. Gen., for respondents.

LAVENDER, Justice:

This is an original proceeding by Flint Construction Company and St. Paul Fire and Marine Insurance Company to review an award granted on the claim of Willow Mae Woods, surviving spouse of Leonard E. Woods, in her own behalf and on behalf of her two minor children, under the death benefit provisions of the Workmen's Compensation Law.

The award is attacked by the petitioner on three grounds: first, that the evidence failed to establish that the relationship of employer-employee existed between the decedent and the petitioner at the time of his accidental injury; second, that the evidence fails to show that the accidental personal injury sustained by the decedent arose out of and in the course of his employment; and, third, that the State Industrial Court committed error in failing to find that the accident resulted solely from the decedent's voluntary intoxication.

The trial judge of the State Industrial Court entered an award of $13,500.00 on the finding, inter alia, that decedent sustained an accidental personal injury arising out of and in the course of his hazardous employment with the petitioner in consequence of which he expired; no personal representative of decedent had been appointed; the action properly was brought by the surviving spouse of the decedent, and that decedent left as his sole and only dependent heirs at law his widow and two minor children.

The parties will be referred to hereinafter as claimant and respondent according to their respective designations before the trial court.

Decedent was employed by respondent as a truck driver on an earth moving project in the vicinity of Waldron, Arkansas. There is no jurisdictional contention. Deceased was paid at an hourly rate for his

hours of labor, and on each day he worked he was allowed pay for an additional two hours, for which extra wage he was responsible for the servicing of the several dump trucks of respondent with grease, oil, fuel and tires, and the respondent kept a pickup truck on the project for use in such servicing.

On the day of the accidental injury causing the death of the decedent, the working day ended before noon. There is testimony, uncontroverted, that the decedent, from around noon until approximately 10:00 p. m., made repeated efforts to communicate by telephone with his superior, L. C. Sinor, to obtain permission of Mr. Sinor to travel to his home in Tulsa, Oklahoma. He was never able to communicate with Mr. Sinor.

The defense of the respondent under his first two propositions is that the use of the pickup vehicle by the decedent was unauthorized, and the injury sustained by him was not sustained in the course of the employment, and that his death did not therefore arise out of his employment. The decedent did in fact communicate by telephone with Mr. Lester J. Downum, Jr., the office manager of Flint Construction Company at Locust Grove, Oklahoma, and announced to Mr. Downum his desire to return to his home in Tulsa, although use of the vehicle was not discussed. Their conversation went only to the question of the absence of the decedent from the job.

At about ten o'clock on the evening of February 28, 1964, decedent, accompanied by two other truck drivers, left Waldron in the company pickup. The two passengers rode to their homes in Siloam Springs, and the decedent proceeded on his journey to Tulsa by way of Locust Grove alone and was killed in a highway accident occurring three and six-tenths miles west of Leach, Oklahoma. He died February 29, 1964, shortly after midnight.

There is little controversy relative to the testimony upon which the foregoing factual recitation is based. Controversy centers around the testimony of Mr. J. D. Bradshaw, who at all times pertinent to this cause was executive vice-president and general manager of the respondent, Flint Construction Company. Mr. Bradshaw testified that on a day approximately three weeks prior to the fatal accident, he directed the decedent to bring the company-owned pickup (the same one involved in the accident) back to Locust Grove for the purpose of trading the vehicle for another vehicle. Mr. Bradshaw further testified that he agreed on behalf of respondent to pay the decedent four hours' wages for so doing. The record does not disclose that this wage was ever paid, although Mr. Bradshaw testified he had directed payment for the four hours shortly prior to the hearing on March 10, 1965.

The testimony of Mr. Kenneth L. Reading, who was employed in the same primary capacity as was the decedent, is to the effect that the purpose of the decedent in his effort to communicate with Mr. Sinor was to obtain permission to travel in the company-owned pickup. The record does not disclose that the decedent made any reference to anyone concerning instruction given him by Mr. Bradshaw concerning use or disposition of the company-owned pickup.

Thus the first two contentions of the respondent turn on the question whether the master and servant relationship existed at the time of injury, and whether the injury was sustained as arising out of and in the course of the employment. The primary employment of the decedent was unquestionably to drive a truck for his employer, and to supervise the servicing of the employer's vehicles in use on the Waldron project.

The State Industrial Court is the sole judge of credibility of lay and expert witnesses appearing before it, and the weight and value to be accorded their testimony. Hopkins v. Gibson, Okl., 395 P.2d 790. This court is not the ultimate arbiter of credibility of witnesses before that court. Raska v. Tulsa Tiling Service, Okl., 397 P.2d 661. The record discloses that the

decedent had been instructed by an official of his employing company to perform a particular task for which the decedent was to be paid an agreed wage. That testimony is uncontroverted. Obviously, the trial court and the court en banc did not consider the credibility of the company vice-president impeached by the circumstances testified to by Mr. Reading concerning the effort of the decedent to communicate with Mr. Sinor to obtain, according to Mr. Reading, permission to use the pickup truck. The finding by the trial court that the injury resulting in the death of the decedent arose out of and in the course of his employment is sustained by competent evidence in the record, and that factual determination is not to be disturbed on appeal. Davis v. United Transports, Inc., Okl., 403 P.2d 474.

The question as to whether an injury sustained by an employee arose out of and in the course of his employment is one of fact to be determined by the State Industrial Court under the circumstances of each particular case, and where there is competent evidence reasonably tending to support the finding it will not be disturbed on review. Long v. Honeycutt, Okl., 393 P.2d 866; Garr v. Collins, 208 Okl. 113, 253 P.2d 838; Midland Co-op. Wholesale v. Brown, 207 Okl. 441, 250 P.2d 34; see also cases collected in Oklahoma Digest, Workmen's Compensation, ☜1719.

The third contention of the respondent asserts error on the part of the trial court in its failure to find that the accident resulted solely from the decedent's voluntary intoxication. The award of the trial court does not include any finding as to whether the death of the decedent did or did not result solely from his voluntary intoxication while on duty. The defense of intoxication was interposed by the respondent below in its answer, and conflicting testimony was adduced before the trial judge.

The defense of intoxication as the sole cause of the injury of the decedent must be sustained by evidence sufficient to overcome the presumption indulged against such defense by the statutes, and such evidence must be substantial. We do not undertake to adjudicate whether the evidence was sufficient to overcome the presumption. That is a factual question for the State Industrial Court. We do determine, however, that, inasmuch as there was adduced by the respondent below some evidence that the decedent's injuries were caused solely by his intoxication while on duty, in the presence of such evidence the presumption that exists under 85 O.S.1961, § 27 in the absence of such evidence may not exist. At least it is incumbent on the State Industrial Court on such a record to adjudicate the question and to include in its order a finding on that issue.

The defense of intoxication, placed fairly in issue, must be met by an appropriate finding of fact in the trial court, on which to predicate an order awarding or denying a claim for compensation. Dunaway v. Southwest Radio & Equipment Co., Okl., 331 P.2d 365; Bray v. State Industrial Court, Okl., 393 P.2d 232.

The award, for the reasons stated, must be vacated and the cause remanded to the trial court, and the trial court is directed to incorporate into its final order awarding or denying compensation a finding of fact and conclusion of law on the issue of whether the injury sustained by decedent resulting in his death was or was not caused solely by the voluntary intoxication of the decedent while on duty.

JACKSON, C. J., IRWIN, V. C. J., and DAVISON, WILLIAMS and BLACK-BIRD, JJ., concur.

BERRY, HODGES and McINERNEY, JJ., concur in part and dissent in part.