R. W. RINE DRILLING COMPANY, and
Argonaut-Southwest Insurance Company, Petitioners,

v.

Troy L. FERGUSON and The State Industrial Court of Oklahoma, Respondents.

No. 44851.

Supreme Court of Oklahoma.

March 28, 1972.

Rehearing Denied May 16, 1972.

E. W. Keller, Oklahoma City, for petitioners.

Odie A. Nance, Oklahoma City, for respondents.

LAVENDER, Justice:

This action to review an award of compensation benefits entered by the Industrial

Court presents a question of first impression which is whether the result of a blood sample taken from the driver of an automobile, under the authority contained in 47 O.S.1971 § 751 et seq., is admissible in a proceeding under the Workmen's Compensation Act in view of the last sentence contained in Section 752 of 47 O.S.1971. The result of the blood sample and analysis for alcoholic content therein was refused admittance in evidence by the trial judge under the exclusionary wording referred to in Section 752. If that action of the trial judge was correct, then it appears, upon review of all other evidence contained in the record, that the trial court's finding, "That there is not substantial evidence that Claimant's injuries resulted solely from his intoxication," is not unsupported by adequate, credible evidence and under the rule announced in such cases as In re Martin (1969), Okl., 452 P.2d 785 must be sustained by this court.

Petitioners, who were respondents in the trial court and who shall hereafter be so referred to, argue that under the authority of In re Barger (1969), Okl., 450 P.2d 503 and J. H. Rose Trucking Company v. Bell (1967), Okl., 426 P.2d 709, the result of the blood analysis is admissible in a workmen's compensation proceeding. The blood samples involved in the cited cases were not obtained under authority of 47 O.S.1971 § 751 et seq. The two cited cases are therefore not applicable authority to admit in evidence, in a workmen's compensation case, blood tests obtained under that statutory procedure. No discussion of the express statutory exclusion of such evidence when offered in a "civil action" (a workmen's compensation proceeding?) is made by respondents.

 Respondents argue, however,—and by way of avoiding the statutory exclusion —that here the workman consented to having a blood sample taken from him and analyzed under the direction of a law enforcement officer and that he thereby waived any objection available to him, under Section 752, to the admission in evidence of the results of the test. In view of the punitive result of failing to give one's consent to the procurement and testing of his blood, as set out in Section 753, it could hardly be said that his "consent" was voluntary. We find such contention to be without merit.

 We hold that Section 752 of 47 O. S.1971, wherein it provides in part, "The results of the test or tests as provided for herein shall not be admissible in civil actions," means just what it says and that the trial judge in this workmen's compensation proceeding did not err in so finding and in excluding from the evidence in this case the result of the blood sample analysis taken from the claimant and in excluding the testimony of the investigating officer pertaining to such test.

The question remains, however, whether, because of the other evidence of a competent nature which was adduced, the trial court erred in his finding, challenged here, "That there is not substantial evidence that Claimant's injuries resulted solely from his intoxication." Before discussing that evidence and its effect, we notice that 85 O. S.1971 § 11 requires that an injured employee shall be compensated for his injuries " * * * without regard to fault as a cause of such injury, * * * except * * * where the jury results * * * directly from the intoxication of the injured employee while on duty; * * *." Title 85 O.S.1971 § 27 is also pertinent here. It provides, in part, " * * * In any proceeding for the enforcement of a claim for compensation under this act, it shall be presumed in the absence of substantial evidence to the contrary: * * * (4) That the injury did not result solely from the intoxication of the injured employee while on duty. * * *."

In Flint Construction Company v. Woods (1967), Okl., 425 P.2d 995, we held that where there was evidence, however conflicting, which supports a finding of fact by the Industrial Court that the claim-

ant's injuries for which he seeks to be compensated did result solely from his intoxication as contended in that case by the respondent employer, it was reversible error for that court not to make a finding upon such issue. In that case, however, we stated, " * * * The defense of intoxication as the sole cause of the injury of the decedent must be sustained by evidence sufficient to overcome the presumption indulged against such defense by the statutes, and such evidence must be substantial." In that case, as well as in many others, we have said that such questions of fact, where the evidence is in conflict, are for the triers of the facts, or the Industrial Court, and not this court. See also In re Martin, supra (452 P.2d 785), and, in particular, our fourth Syllabus paragraph.

The question of whether the result of the blood sample analysis is admissible for impeachment purposes is not presented in this case.

While engaged in the work of his employer, claimant in this case was driving his car at a point about six miles north of Beaver, Oklahoma, on State Highway 23 at its intersection with U. S. Highway 270. At that intersection, claimant testified that he was engaged in trying to get the dash lights on his automobile to come on and took his eyes from the roadway for a "split second;" that when he looked up his car was leaving the roadway; that he jerked it back and in doing so lost control. He was thrown out of the car and severely injured.

The claimant was removed from the scene by ambulance to a hospital. He was being loaded into the ambulance when the investigating officer arrived. The officer testified that he did not see the claimant until later at the hospital. The officer conducted his investigation of the accident at the scene and measured skid marks on the road surface which indicated to him that the claimant's car skidded one hundred fifty feet, struck a steel highway sign, bent the sign to the ground, and traveled an additional one hundred feet before coming to rest against a utility pole. The officer stated that from the physical facts he believed the car was traveling 75 M.P.H. prior to the accident.

The officer testified that, from his observation of the claimant at the hospital two or three hours after the accident, he was of the opinion that the claimant was intoxicated. This witness's conclusion was based on the fact that he smelled alcohol on the claimant and that at times the claimant's speech was slurred. The officer testified on cross-examination that he was aware that the claimant had suffered rather extensive injuries in the accident. The officer did not know whether the claimant had received any medication by the time the officer saw him which might have caused the slurred speech.

The claimant testified that he had visited a bar in a neighboring town and had consumed a couple of beers; that he spent one hour there; that he then went to a restaurant and had dinner. Afterwards he visited another bar in which he consumed— during a period of almost two hours' time —two more beers and a drink of whiskey. The claimant testified that he left the bar and drove directly to the point where the accident happened.

■ By way of summarizing, the evidence established that the claimant had consumed four beers interspersed with his dinner; he also had a drink of whiskey. He was driving his car at a speed of 75 M.P.H. when, because his attention was distracted by something he was doing with his dash lights, he lost control of the car and the collision resulted. The officer was of the opinion that the claimant was intoxicated. However, the question before this court is not confined to whether the claimant was intoxicated, but also whether the evidence as to the cause of the accident was such that the trial court erred when it did not hold that claimant's injuries resulted solely from his intoxication. In our capacity as a reviewing court, we cannot say that the trial court's judgment is not supported by adequate, credible evidence. In re Martin, supra.

Award sustained.

DAVISON, V. C. J., and WILLIAMS, JACKSON, and IRWIN, JJ., concur.

McINERNEY, J., concurs specially.

HODGES and BARNES, JJ., concur as to syllabus and dissent as to result.

BERRY, C. J., dissents.

McINERNEY, Justice (specially concurring).

I concur in the result of the majority opinion on the basis of the record presented in this case. In re Martin, Okl., 452 P. 2d 785 (1969). However, I believe the results of the blood-alcohol test may be admissible when offered under circumstances not presented here. Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1, (1971). The rule of law announced in the first paragraph of the syllabus should be restricted, in my opinion, to the facts of this case as developed in the trial of the action.