2007 OK 51

**Craig E. DUNKIN, Petitioner,**

v.

**INSTAFF PERSONNEL, American Home Assurance Company, and The Workers' Compensation Court, Respondents.**

**No. 102,580.**

Supreme Court of Oklahoma.

June 19, 2007.

John R. Colbert, Colbert & Colbert, Ardmore, OK, and Robert Highsaw, Oklahoma City, OK, for Petitioner.

Catherine C. Taylor, Kelly M. Greenough, Perrine, McGivern, Redemann, Reid, Berry & Taylor, P.L.L.C., Tulsa, OK, for Respondents.

COLBERT, J.

¶ 1 The issue in this matter is whether the three-judge review panel of the Workers' Compensation Court was presented with an order from the trial tribunal that was suffi-

cient to afford meaningful review of the determination that Claimant, Craig E. Dunkin, "did not sustain an accidental personal injury arising out of and in the course of [his] employment." This Court holds that the Workers' Compensation Court's finding lacked the requisite definiteness and certainty for there to have been meaningful judicial review by the three-judge panel when it determined that the trial tribunal's determination "was not against the clear weight of the evidence." The order of the three-judge panel and the order of the trial tribunal are vacated, as is the opinion of the Court of Civil Appeals. This matter is remanded to the Workers' Compensation Court for proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Claimant worked for Instaff Personnel (Employer) as a temporary worker assigned to the Dollar General Distribution Center. He filed a workers' compensation claim seeking medical benefits and an award of temporary total disability for an injury to his head, neck, and back. The Form 3 alleged that he "was loading [a] trailer [when a] box fell hitting claimant in [the] head and neck."

¶ 3 At trial, Claimant testified that it was his job to load truck trailers on the night shift at the Dollar General warehouse. He further testified that while he was stacking boxes, a fifty-pound case of detergent fell and injured him. According to Claimant, he looked for a supervisor and could not find one. He told a security guard that he was going to the emergency room and the security guard said he would pass that information on to a supervisor. Claimant was treated at the emergency room and was given pain medication. He testified that when he attempted to speak with his supervisor by phone the next day, he was told that he had been fired for walking off the job.[1]

¶ 4 Claimant also presented a report from his medical expert, which was admitted without objection. The doctor opined that Claim-

ant had suffered a work-related injury resulting in temporary total disability.

¶ 5 Employer's cross-examination of Claimant involved a two-prong attack on the claim, causation and Claimant's credibility. Claimant was questioned about a prior work-related injury from 1998. That injury was the subject of a joint-petition settlement in January 2001. The settlement was for injury to Claimant's "back, neck, feet, arms, and [settled] all claims to all parts of the body, known or unknown, arising out of the 8/3/98 incident." Claimant was also questioned concerning other injuries in 2001, 2002, and 2003, which required emergency room visits but that apparently did not result in workers' compensation claims.

¶ 6 Employer then sought to impeach Claimant's testimony with inconsistencies between Claimant's deposition and his testimony at trial.[2] Those inconsistencies involved the number and purpose of emergency room visits Claimant made between 1998 and 2005. They also involved the number and nature of Claimant's criminal convictions.

¶ 7 Employer's evidence consisted of the medical reports and an order approving a joint settlement from the prior compensable injury along with its expert's medical report concerning this claim for compensation. No objection was offered to these. The current medical expert found no permanent partial impairment to Claimant's spine and he noted that any period of temporary disability had passed. The expert did not state that Claimant had not suffered an injury.

¶ 8 The trial tribunal denied the claim for compensation. The order recited the statutory language and concluded that Claimant "did not sustain an accidental personal injury arising out of and in the course of claimant's employment with the above named respondent, as alleged in the claim for compensation filed herein." A divided three-judge panel sustained the trial tribunal's order stating that it "was not against the clear weight of evidence nor contrary to law."

1. This opinion does not address any claim of wrongful termination for seeking medical care following a work-related injury.

2. It appears that the deposition was not admitted into evidence and therefore was not made a part of the appellate record.

¶ 9 The Court of Civil Appeals was also divided when it reversed the decision of the three-judge panel. The majority opinion vacated the decision finding no competent evidence to refute Claimant's evidence. It remanded the matter for the Workers' Compensation Court to "consider the amount of Claimant's temporary disability, if any, and medical treatment." The dissenting opinion reminded the majority that the Workers' Compensation Court "is the sole arbiter of [the] credibility of witness[es] and [the] weight given their testimony," quoting this Court's decision in *Pearl v. Associated Milk Producers, Inc.*, 1978 OK 105, ¶ 11, 581 P.2d 894, 896. The dissent reasoned that, because there was "evidence casting Claimant's credibility into some doubt," the Workers' Compensation Court was not required to give his testimony any weight or make any specific finding as to why the claim was denied. This Court granted certiorari review.

## STANDARD OF REVIEW

¶ 10 This Court pronounced the standard applicable to appellate review of an order of the Workers' Compensation Court in *Parks v. Norman Municipal Hospital*, 1984 OK 53, 684 P.2d 548. "Under this standard our responsibility simply is to canvass the facts, not with an object of weighing conflicting proof in order to determine where the preponderance lies but *only* for the purpose of ascertaining whether the tribunal's decision is supported by competent evidence." *Id.* ¶ 12, 684 P.2d at 552 (footnote omitted). By stare decisis, this Court must apply the any competent evidence test to fact determinations made by the Workers' Compensation Court.

¶ 11 *Parks* noted that under section 3.6(A) of the Workers' Compensation Act, Okla. Stat. tit. 85, §§ 1 through 211 (2001 & Supp. 2006), intra-court review by a three-judge panel "is limited by the clear-weight-of-the-evidence standard, [and therefore] a panel may reverse or modify the trial judge's findings *only* after these findings have been determined to be lacking in the requisite evidentiary foundation." *Parks*, 1984 OK 53, ¶ 10, 684 P.2d at 551.

¶ 12 Under the two-tiered review process described in *Parks*, only issues of law receive appellate review. Questions of fact made by the trial tribunal receive review only by a three-judge panel under the clear weight of the evidence standard. Thus, the three-judge panel is equivalent to an appellate court of last resort when it comes to actually weighing the evidence to determine whether the trial tribunal has correctly determined an issue of fact. Therefore, a thorough and accurate review of issues of fact by that panel is required.

¶ 13 The dissent in *Parks* recognized that a three-judge panel might choose some competent evidence on which to reverse the trial tribunal despite the fact that the tribunal's decision was supported overwhelmingly by the evidence. *Id.* ¶ 2, 684 P.2d at 553 (Wilson, J., dissenting); *see also Owings v. Pool Well Serv.*, 1992 OK 159, 843 P.2d 380 (Wilson, J., dissenting). In an attempt to address that concern, the majority opinion cited the longstanding requirement that the Workers' Compensation Court must make specific findings of fact. *Parks*, 1984 OK 53, ¶ 14 n. 19, 684 P.2d at 552 n. 19. As this Court explained in *Benning v. Pennwell Publishing Co.*, "[t]he Workers' Compensation Court is required to make specific findings of the ultimate facts responsive to the issues formed by the evidence as well as conclusions of law upon which its order is to be rested." 1994 OK 113, ¶ 7, 885 P.2d 652, 655 (footnote omitted). Further, "[w]hen these elements are not present . . . or are too vague and uncertain for judicial interpretation, we will not hypothesize about the evidence upon which the trial tribunal may have relied to arrive at its decision." *Id.* (footnote omitted).[3]

¶ 14 As early as 1945, this Court embraced the rule that "[i]t is the duty of the State Industrial Commission [now the Work-

---

3. In *Benning,* the claimant received temporary total disability benefits for an injury to his back caused by repetitive lifting. The issue of permanent disability was deferred. Three years later, he sought medical treatment and disability benefits for a neck injury alleging that it had become manifest only after his prior award for the back injury. The trial tribunal ruled that the neck injury "relat[ed] back" to the claim for his back injury. 1994 OK 113, ¶ 3, 885 P.2d at 654.

ers' Compensation Court] to make specific findings of the ultimate facts responsive to the issues as well as the conclusions of law upon which an order is made granting or denying an award of compensation to a claimant." *Corzine v. Compress*, 1945 OK 345, ¶ 0, Syl. 1, 196 Okla. 259, 164 P.2d 625, Syl. 1. This Court also set out the consequence for ignoring the rule. "Where the findings of fact and conclusions of law ... are too indefinite and uncertain for judicial interpretation, this court, on appeal, will vacate the order for further proceedings." *Id.* at Syl. 2. This rule appears in numerous decisions spanning the decades since that time.[4]

## MEANINGFUL REVIEW BY THE THREE–JUDGE PANEL

 ¶ 15 Meaningful review is facilitated by an order from the trial tribunal from which the specific basis for its decision to grant or deny a claim can be determined. This requirement is not a mere technicality. "[O]n-the-record findings of ultimate facts responsive to the issues shaped by the evidence as well as conclusions of law ... are an indispensable prerequisite for judicial review." *Jobe v. Am. Legion # 7*, 2001 OK 75, ¶ 12, 32 P.3d 860, 864 (emphasis and citations omitted).[5] An order granting or denying workers' compensation benefits must provide the necessary elements for meaningful judicial review. It must be certain enough to (1) identify the legal theory relied upon and (2) be sufficiently specific to enable the three-judge panel to ascertain the facts on which the order is based.[6]

¶ 16 This requirement is implicit in the Rules of the Workers' Compensation Court. Okla. Stat. tit. 85, ch. 4, app. ( 2001 &

---

The employer advanced alternative arguments to the three-judge panel urging that the claim was time barred "(1) because his cervical injury stem[med] from the finally-settled [prior] back injury or (2) because the claimant, who became aware of his neck problems during the two-year period for filing a claim, failed to amend his [claim for compensation] before that interval had expired." *Id.* ¶ 4, 885 P.2d at 654(footnote omitted). The order of the three-judge panel, however, merely held the claim to be time barred without specifying whether it had applied the two-year statute of limitations for filing an original claim or the time limitation for reopening a claim based on change of condition.

This Court vacated the order of the three-judge panel for its "failure to address the pivotal question of fact by a definite ruling susceptible to judicial interpretation." *Id.* ¶ 1, 885 P.2d at 653. Namely, "whether, since the last prior order claimant's condition had undergone a change causally connected to the on-the-job accident for which his compensation claim was brought." *Id.* ¶ 8, 885 P.2d at 655. In other words, the question of whether the claim was time barred could not be addressed without a specific finding concerning the *"sufficiency of* [the claimant's] *evidence* to support a [change of condition] reopening." *Id.* The matter was remanded to the Workers' Compensation Court for such a finding.

4. *see, e.g., Jobe v. Am. Legion # 7*, 2001 OK 75, 32 P.3d 860; *Benning*, 1994 OK 113, 885 P.2d 652; *Frair v. Sirloin Stockade, Inc.*, 1981 OK 117, ¶ 6, 635 P.2d 597, 599 ("The Workers' Compensation Court must make specific findings of fact responsive to the issues and conclusions of law when an order is entered granting or denying an award."); *Flint Constr. Co. v. Woods*, 1967 OK 51, ¶ 16, 425 P.2d 995, 998 ("The defense of intoxication, placed fairly in issue, must be met by an appropriate finding of fact in the trial court, on which to predicate an order awarding or denying a claim for compensation."); *Leffler v. McPherson Bros. Transp.*, 1964 OK 225, ¶¶ 10–12, 396 P.2d 491, 493 (order denying workers' compensation claim failed to specify which of alternative asserted bases lower court had relied upon); *Butts v. Rose Drilling Co.*, 1956 OK 325, ¶¶ 22–23, 304 P.2d 986, 989 (workers' compensation order vacated where legal basis for denying claim not clear); *Dixon v. Sinclair–Prairie Oil*, 1949 OK 30, ¶¶ 10–11, 203 P.2d 419, 421 (specific finding of time of claimant's awareness of disability was required for review of denial of claim for compensation based on statute of limitations).

5. "An 'on-the-record' finding (or conclusion) is one that is apparent from an inspection of the trial tribunal's 'face of the proceedings' (a counterpart of the district court's judgment roll)." *Jobe*, 2001 OK 75, ¶ 12 n. 10, 32 P.3d at 864 n. 10 (citations omitted). "This term is distinguishable from an 'off-the-record' finding (or conclusion), which is one that is not apparent from the face of [the] proceedings but may be disclosed only by the transcript of the hearing...." *Id.*

6. No less than this requirement is imposed upon an administrative agency when it acts in a quasi-judicial capacity. The Administrative Procedures Act requires that final agency orders that are adverse to a party be in writing and "[i]nclude findings of fact and conclusions of law, separately stated. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings." Okla. Stat. tit. 75, § 312(A)(2) (2001).

Supp.2006). Rule 60(A)(3) requires that a party's request for review before a three-judge panel include "[a] specific statement of each conclusion of law and finding of fact urged as error. General allegations will not be accepted. General allegations of error include statements that the decision of the trial judge is 'against the clear weight of the evidence or contrary to law.'" This rule clearly contemplates that the trial tribunal will have provided specific findings of fact and conclusions of law in its order granting or denying a claim for compensation. Pursuant to Rule 60, an aggrieved party must then specify each error it asserts for review by the three-judge panel.

¶ 17 Meaningful review is furthered by requiring a party to make specific allegations of factual and legal error, but such a requirement depends upon the presence of specific findings of fact and conclusions of law in the trial tribunal's order. An order that merely recites the statutory language and concludes that a claimant "did not sustain an accidental personal injury arising out of and in the course of employment" does not provide litigants the information needed to meet the "specific allegations" requirement. Further, it does not inform the three-judge panel, or the litigants, as to which facts and evidence informed the trial tribunal's decision. An order that merely recites the statutory language does no more to facilitate meaningful judicial review than an order that merely states "claim denied."[7]

¶ 18 This Court has observed the frequent pattern of such boilerplate orders from the Workers' Compensation Court. That court is duty bound to insure that the three-judge panel, the final arbiter of questions of fact, is presented with an order from which the panel may meaningfully assess the legal and factual basis for the decision. The Workers' Compensation Court is required to make specific on-the-record findings of fact responsive to the issues formed by the evidence. All orders of the Workers' Compensation Court must meet "the law's standards of a judicially reviewable decision." *Jobe*, 2001 OK 75, ¶ 12, 32 P.3d at 864. Thus, this rule applies to an order issued by the trial tribunal and also to one issued by the three-judge panel.

## THE ORDER IN THIS MATTER

 ¶ 19 The order memorializing the decision in this matter does not provide the necessary elements for meaningful judicial review. The transcript of the proceedings before the trial tribunal reveals that Employer attacked the claim for compensation on two bases, credibility and causation.

¶ 20 The trial tribunal may have believed that Claimant's testimony was simply not true and that no injury occurred. That would have been within its right because the Workers' Compensation Court "is the sole arbiter of [the] credibility of witness[es] and [the] weight given their testimony." *Pearl v. Associated Milk Producers, Inc.*, 1978 OK 105, ¶ 11, 581 P.2d 894, 896. That court "may refuse to give credence to any portion of the evidence which in its opinion is not entitled to credence." *Bittman v. Boardman Co.*, 1977 OK 32, ¶ 4, 560 P.2d 967, 969. Had credence of Claimant's testimony been the only attack directed at the claim, the order in this matter might not have been too vague or indefinite for meaningful judicial review. Employer, however, also raised Claimant's prior adjudicated work-related injury and injuries sustained since that time in an apparent attempt to demonstrate that if there was an injury, it did not arise out of Claimant's

---

7. "To this [specific findings of fact] rule the court recognizes but a *single exception*. When the evidence reviewed yields plainly but a single issue dispositive of the entire claim or proceeding, absence of a stated basis is not fatal to the decision's reviewability." *Jobe*, 2001 OK 75, ¶ 12 n. 12, 32 P.3d at 865 n. 12 (citations omitted). For example, the rule would not apply where "pursuant to the stipulation of the parties, the only issue before the court was whether permanent disability resulted from the admitted injuries" and there was no "issue in [the] case as to the happening of the accident, or as to the extent of the injuries resulting therefrom." *Creswell v. Jones Drilling Co.*, 1965 OK 168, ¶ 10, 408 P.2d 297, 299. There, a finding that the claimant had suffered no permanent disability was not too indefinite and uncertain for judicial interpretation. "Since the order contain[ed] a specific finding upon the only issue properly before the court, it [could] not be said to be too vague, indefinite and uncertain for judicial interpretation." *Id.* ¶ 17, 408 P.2d at 300.

employment.[8] Neither the order of the trial tribunal, the appellate record, nor the transcript of proceedings before the trial tribunal give any indication of the basis for denial of the claim.

¶ 21 The trial tribunal was obligated to make specific findings as to the basis for its decision. Only then could a three-judge panel review meaningfully the tribunal's factual determinations and legal conclusions. On remand the Workers' Compensation Court is directed to memorialize its decision in an order that complies with this opinion.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF COURT OF CIVIL APPEALS VACATED; ORDER OF WORKERS' COMPENSATION COURT VACATED; CAUSE REMANDED TO WORKERS' COMPENSATION COURT FOR PROCEEDINGS CONSISTENT WITH THIS OPINION

CONCUR: WINCHESTER, C.J., EDMONDSON, V.C.J., OPALA, KAUGER, WATT, COLBERT, JJ.

DISSENT: LAVENDER, HARGRAVE, TAYLOR, JJ.

TAYLOR, J. Dissenting:

I would affirm the trial judge's decision to deny this claim. The trial judge heard all of the evidence and legal arguments and then determined all of the factual and legal issues in favor of the employer. The trial judge specifically found that the employee "did not sustain an accidental personal injury arising out of and in the course of claimant's employment ..." The employee simply failed to prove his case. The employee's credibility was clearly and properly at issue. The trial judge's Order was clear and definite and it should be affirmed. There is no need for a remand.

---

**8.** Under a recent amendment to the Workers' Compensation Act, for an injury to constitute a "compensable injury," employment must be the "major cause" of the specific injury or illness. Okla. Stat. tit. 85, § 3(13a) (Supp.2006). "Major cause" is defined as "the predominate cause of the resulting injury or illness." *Id.* § 3(16).