2010 OK CIV APP 81

**Walbert D. BOELMAN, Petitioner,**

v.

**CONTRACTOR SERVICES, INC. and the Workers' Compensation Court, Respondents.**

**No. 107,107.**

Court of Civil Appeals of Oklahoma, Division No. 4.

June 29, 2010.

Richard A. Bell, Heather A. Lehman, The Bell Law Firm, Norman, OK, for Petitioner.

Greg K. Ballard, Cara A. Lowe, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, OK, for Respondents.

KEITH RAPP, Judge.

¶ 1 Claimant, Walbert D. Boelman, appeals an order of a three-judge panel affirming in part and modifying in part the workers' compensation trial court's order.

## BACKGROUND

¶ 2 Claimant sustained a single-event injury on February 13, 2001. He filed a Form 3 on April 6, 2001, alleging an injury to his back. He subsequently amended his Form 3 on two occasions, alleging injury to his left hip/leg, psychological overlay, and consequential injury to his lungs. Claimant underwent medical treatment, including three back surgeries and one hip surgery, over an extensive period of time.

¶ 3 On January 12, 2009, the workers' compensation trial court conducted a hearing on the issues of permanent partial disability (PPD) benefits, permanent total disability (PTD) benefits, and medical maintenance. Employer stipulated that Claimant sustained a work-related injury, but denied that Claimant sustained an injury to his left leg and psychological overlay. Employer also denied Claimant was permanently totally disabled. The parties agreed to commute 25% of the permanent partial disability award to be paid.

¶ 4 After the hearing, the trial court entered an Order Determining Compensability and Awarding Permanent Partial Disability Benefits, filed on February 12, 2009. The trial court found Claimant had sustained a work-related injury to the "LOW BACK,

LEFT HIP and LEFT LEG with consequential PSYCHOLOGICAL OVERLAY (including DEPRESSION and SEXUAL DYSFUNCTION)" on February 13, 2001. The trial court also found Claimant sustained permanent partial disability totaling 100%. The court commuted 25% of the permanent partial disability award to a lump sum and ordered the remainder of the PPD award to be paid out. In addition to finding Claimant PPD, the workers' compensation trial court found Claimant was permanently and totally disabled. The court ordered that payment of permanent total disability benefits begin upon completion of payment of the PPD benefits. The court also ordered Employer to provide Claimant with continuing medical care, in the nature of prescription medication and four annual office visits with Dr. A.E. Moorad.

¶5 The workers' compensation court also awarded Claimant's attorney an attorney's fee award of $37,840.00, based on the PTD award. On February 20, 2009, the trial court filed a Supplemental Order awarding Claimant's attorney another attorney's fee award in the amount of $24,648.00, based upon the PPD award.

¶6 Employer appealed both the February 12, 2009, and February 20, 2009, orders to a three-judge panel. A three-judge panel conducted a hearing on the issues raised on appeal, primarily whether Claimant was entitled to an award of both permanent partial disability and permanent total disability for a single-event injury.

¶7 The three-judge panel entered its Order on Appeal Affirming in Part and Modifying in Part the Decision of the Trial Court, filed on April 30, 2009. The three-judge panel found Claimant was permanently totally disabled and vacated the trial court's award of permanent partial disability benefits. The three-judge panel deleted all paragraphs of the trial court's order relating to the permanent partial disability award. In addition, the three-judge panel vacated the Supplemental Order awarding Claimant's counsel additional attorney's fees.

¶8 One of the judges on the panel wrote a concurring opinion stating:

The trial judge's order finds the claimant has sustained permanent partial disability and permanent total disability as a result of his February 21, 2001 injury. 85 O.S. § 3(21) defines permanent partial disability as "permanent disability which *is less than total* and shall be equal to or the same as permanent impairment." If an injured worker is permanently, totally disabled as claimant is in this case, permanent partial disability is precluded. *Roberts v. Matrix Services, Inc.*, 1993 OK 148, 863 P.2d 1242.

One judge concurred-in-result. The third judge on the panel dissented, stating:

I would have affirmed Judge Foster's order finding that permanent partial disability and permanent total disability can and should have been awarded concurrently. I note that insurance companies charge premiums for the potential awarding of permanent total disability and permanent partial disability.

The facts in this case are distinguishable from those cited in the concurring opinion. In this case, the worker was awarded permanent partial disability and permanent total disability at the same time. Due to other health concerns, worker elected to draw permanent partial disability in order to receive a lump sum. Thereafter, he would draw permanent total disability if he lived to draw the same.

Claimant appeals the three-judge panel's order affirming in part and modifying in part the trial court's decision.

**ANALYSIS**

¶9 Claimant's primary argument on appeal is that the three-judge panel erred in vacating the trial court's award of permanent partial disability. Claimant argues that it was not error for the workers' compensation trial court to award Claimant both 100% permanent partial disability benefits and permanent total disability benefits for a single injury.

¶10 Before this Court can reach this issue, this Court must determine whether there is an appealable order. Here, the three-judge panel Order on Appeal Affirming in Part and Modifying in Part the Decision of the Trial

Court consists of a concurring opinion, in which the judge writes an explanation of his vote, a concur-in-result vote, with no written explanation, and a dissenting vote, with a written explanation of the dissent.

¶ 11 The three-judge panel of the workers' compensation court is required to issue a decision approved by a majority of the panel. Title 85 O.S.2001, § 3.6(A) provides in pertinent part:

Upon completion of the appeal, the members of the Court sitting en banc shall issue such order, decision or award as is proper, just and equitable. Only those members participating in the hearing on appeal shall participate in the making of the order, decision or award. *All orders, decisions or awards shall be approved by a **majority** of the members of the Court sitting en banc.* (Emphasis added.)

The question presented is what constitutes a "majority of the members of the Court sitting en banc." In other words, does Section 3.6 require a majority approval of the result of the three-judge panel or of the findings and analysis made by the panel?

¶ 12 The Workers' Compensation Act does not elaborate on the requirements or meaning of Section 3.6. However, *Black's Law Dictionary* 860 (5th ed.1979), defines "majority" as follows:

The greater number. The number greater than half of any total.

*Black's Law Dictionary* also defines "approve" as follows:

To be satisfied with; to confirm, ratify, sanction or consent to some act or thing done by another. To sanction officially; to ratify; to confirm; to pronounce good; think or judge well of; admit the propriety or excellence of; be pleased with.

*Black's Law Dictionary* 94 (5th ed.1979).

¶ 13 The Oklahoma courts have not specifically addressed the issue of whether a vote of a three-judge panel requires at least two concurrences to constitute a majority vote per Title 85 O.S.2001, § 3.6. However, in *Carl B. King Drilling Co. v. Farley,* 1932 OK 96, 7 P.2d 862, the Oklahoma Supreme Court addressed the issue of whether one judge of a workers' compensation three-judge panel can invalidate an award of benefits made by a majority vote of the panel. In *Farley,* the statute in effect provided:

[T]he award, decision or order of a Commissioner, when approved and confirmed by the Commission, and ordered filed in its office shall be deemed to be the award, decision or order of the Commission.

Okla. Compiled Stat.1921 § 7316.

¶ 14 The *Farley* court concluded that one member of the commission had the authority to make orders concerning matters in which he presided, but the decision did not become final until the same was approved by a majority of the members of the State Industrial Commission and their vote recorded per Section 7316. The Court elaborated:

The commission acts as a body and not as individuals. The concurrence of a majority of the members of the commission is necessary for a legal and binding order or award of the commission, and, where an order is made which order is not approved or concurred in by more than one member of the commission attempting to vacate or set aside a valid award previously made by the members of the State Industrial Commission the order of said member attempting to vacate the previous valid award is of no force and effect until approved by a majority of the members of the commission.

*Id.,* 1932 OK 96 at ¶ 17, 7 P.2d at 864.

¶ 15 The statutory language requiring a majority vote by the three-judge panel is similar to the language requiring a majority of the Oklahoma Supreme Court to decide a question. Article VII of the Oklahoma Constitution provides, in part:

§ 5. Sessions–Quorum–Intermediate appellate courts–Form of decisions–Clerk of Supreme Court.

A majority of the members of the Supreme Court shall constitute a quorum and the concurrence of the majority of said Court shall be necessary to decide any question.

Okla. Const. art. 7, § 5.

¶ 16 In explaining this requirement, the Oklahoma Supreme Court elaborated:

Under art. 7, § 5 of the Oklahoma Constitution, the concurrence of the majority of the Justices is necessary to decide any question. Because the Oklahoma Supreme Court is composed of nine members, an opinion must receive at least five votes.... Concurring and concurring specially votes are treated as a full concurrence and may be counted in obtaining a majority vote. Concurring-in-result and concurring-in-judgment votes may not be counted as votes to form a majority opinion.[1]

■ ¶ 17 Under the rationale used by the Oklahoma Supreme Court in determining which votes may be used to form a majority opinion of the Supreme Court, the opinion of the three-judge panel in the present case would not meet the requirements of a majority vote. Thus, under Section 3.6, a panel decision composed of the authoring opinion, a concur-in-result vote, and a dissenting vote would not satisfy the requirements that the decision of the panel be approved by a majority of the panel.

¶ 18 This Court may also take guidance by decisions of other courts dealing with similar issues. In *Aquilina v. General Motors Corp.*, 403 Mich. 206, 267 N.W.2d 923 (1978), the Michigan Supreme Court addressed a similar situation. In *Aquilina*, the Court reviewed a decision of the five person Michigan Workers' Compensation Appeal Board, in which one member authored the opinion, two members concurred-in-result without issuing a written opinion, one member dissented, and the final member concurred with the dissent. *Id.* at 924. One issue presented to the Michigan Supreme Court was:

Does the Board fulfill its responsibility to find facts with finality when the controlling opinion is signed by less than a majority of the appeal board members assigned to decide the case, with the other members comprising the majority concurring only in the result?

*Id.* at 925. The Michigan Supreme Court concluded the appeal board had not fulfilled its duty. *Id.*

¶ 19 In reviewing a statute similar to the Oklahoma statute applicable in the present

case, the Michigan Court concluded it could not discharge their review responsibilities unless the Appeal Board properly articulated its findings of fact. The Court stated:

[W]e cannot discharge our reviewing responsibilities unless a true majority reaches a decision based on stated facts. A decision is not properly reviewable when some of the majority concur only in the result and do not state the facts upon which that result is based. We must ask the board members to make a finding regarding all critical or crucial facts as well as the result when they choose not to sign the controlling opinion.

*Aquilina*, 267 N.W.2d at 927. The Michigan Court vacated the Appeal Board's decision and remanded to the Board for additional proceedings consistent with the opinion. *Id.* at 927. *See also Hessel v. Chippewa Regional Correctional Facility*, 2008 WL 2389497 (Mich.Ct.App.2008)(Court concluded that the Panel's decision must be vacated because it did not reflect a majority of the Panel. The Michigan statute, MCL 418.274(8) provided that "[t]he decision reached by a majority of the assigned 3 members of a panel shall be the final decision of the commission." Relying on *Aquilina*, the appellate court concluded that a decision of a workers' compensation three-judge panel in which one member issued an opinion, a second member concurred in the result, and third member concurred in the result based on the law of the case doctrine did not suffice as a majority decision as required by the statute. The court vacated and remanded the matter for additional findings of fact).

■ ¶ 20 As in *Aquilina*, the Oklahoma Supreme Court has imposed the requirement that the Oklahoma workers' compensation courts, both the trial court and a three-judge panel, state findings of facts responsive to the issues upon which an order is based. *Dunkin v. Instaff Personnel*, 2007 OK 51, ¶ 15, 164 P.3d 1057, 1061. It is incumbent that an order of the workers' compensation trial court or a three-judge panel granting or denying workers' compensation benefits "must provide the necessary elements for meaningful judicial review. It must be cer-

**1.** Okla. Sup.Ct. Network (Disposition of cases pending before the Supreme Court).

tain enough to (1) identify the legal theory relied upon and (2) be sufficiently specific to enable [this Court] to ascertain the facts on which the order is based." *Id.* If these requirements are not met or are too vague for judicial interpretation, this Court will not hypothesize about the evidence or law upon which the court may have relied to arrive at its decision but will vacate the order and remand the claim for further proceedings to be followed by an order that meets the standards of the law for a judicially reviewable decision. *Jobe v. American Legion No. 7*, 2001 OK 75, ¶ 12, 32 P.3d 860, 864–65.

¶ 21 Here, this Court is presented with an order that does not meet the requirements of a judicially reviewable decision. The order in the present case consists of a decision issued by one judge, a concur-in-result—without written explanation—issued by a second judge, and a dissent issued by the third judge of the panel. A review of the order by the three-judge panel would require speculation, or "hypothesizing," on behalf of this Court regarding whether the judge that concurred-in-result agreed with the findings of fact made by the authoring judge or the legal analysis used to deny the permanent partial disability benefits. The three-judge panel has not presented this Court with a decision sufficient for meaningful review. Nor has the three-judge panel issued a decision "approved by a majority of the members of the Court sitting en banc" as required by Title 85 O.S.2001, § 3.6.

¶ 22 Based on the foregoing, the order of the three-judge panel in the present matter should be vacated and remanded for further proceedings.

## CONCLUSION

¶ 23 Here, the three-judge panel had a concurring vote, a concur-in-result vote, and a dissent. This does not constitute a majority vote as required by Title 85 O.S.2001, § 3.6. Although this Court is mindful of the importance of reaching a resolution for the parties in this workers' compensation claim, we have no jurisdiction to review anything but an appealable order by the three-judge panel. Thus, this Court must vacate the three-judge panel's Order on Appeal Affirming in Part and Modifying in Part the Decision of the Trial Court and remand the matter for immediate review and entry of a decision consistent with the requirements set forth by the Supreme Court and this Decision.

¶ 24 VACATED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

GABBARD, P.J., and FISCHER, J., concur.