2010 OK 74

**Charles McGUIRE, Petitioner–Appellant,**

v.

**N. GLANTZ & SON, LLC, National Fire Insurance Company of Hartford and the Workers' Compensation Court, Respondents/Appellees.**

No. 105,948.

Supreme Court of Oklahoma.

Oct. 19, 2010.

Susan H. Jones, Toon & Osmond, P.L.L.C., Tulsa, OK, for Petitioner–Appellant.

J.R. Schneider, Pierce Couch Hendrickson Baysinger & Green, L.L.P., Oklahoma City, OK, for Respondents–Appellees.

WINCHESTER, J.

¶ 1 The issue in this cause is whether the three-judge panel's order is too vague for appellate review. We hold that under these facts, the panel's order does not meet the standards set out in our case law and therefore must be remanded for review by the panel.

## I. FACTS AND PROCEDURE

¶ 2 Charles McGuire, the claimant, presented the following statement of facts. He works as a driver and sales representative for N. Glantz & Son, LLC, the employer. He traveled Tuesday through Friday in his capacity as an employee for the respondent, N. Glantz & Son. In March of 2005, he became ill and was ultimately diagnosed with acute hepatitis A. Mr. McGuire claimed he contracted the disease from a restaurant while traveling on company business. During the relevant time, he ate at restaurants only when he was on the road for his job. When he was home, he or his wife prepared their meals and all family members ate the same food.

¶ 3 The employer asserts that Mr. McGuire claimed he was exposed to hepatitis A and C while working as a route driver in Arkansas. The employer states he sought medical treatment on March 30, 2005, with complaints of nausea, vomiting and abdominal pain. He had markedly elevated liver function abnormalities, and after an initial diagnosis of gall bladder problems, he underwent gall bladder surgery on April 2, 2005, and was subsequently diagnosed with hepatitis A and C.

¶ 4 As medical evidence, Mr. McGuire submitted the deposition of his doctor, and the trial court accepted it as Exhibit A over the objection of the employer. The doctor testified that Mr. McGuire had both hepatitis A and C, and that the symptoms to those two types would be the same. The doctor testified that he believed Mr. McGuire contracted hepatitis C from his parents, who were both positive for that disease. He testified that hepatitis C may be transmitted from blood serum transfer, such as needles or transfusions, and that Mr. McGuire may have contracted the disease when he was born. The doctor explained that the hepatitis A virus is almost exclusively transmitted through an oral-fecal route. He concluded that Mr. McGuire's hepatitis C was a chronic problem and the hepatitis A was an acute episode, which usually appears within two to four weeks after the virus enters in the body. However, the doctor testified that he did not know exactly where the hepatitis A virus came from, except from his discussion with Mr. McGuire concerning his family's eating habits and the fact that his family did not contract the virus. He did testify that other food sources, such as fruits and vegetables could be carriers of the fecal matter, as well as shaking someone's hand.

¶ 5 In its order that awarded temporary total disability benefits, the trial court found that Mr. McGuire sustained an accidental personal injury in the nature of hepatitis A and consequential injury to the abdomen, that is, gall bladder, liver and abdominal hernia, due to surgery arising out of and in the course of the claimant's employment. The court concluded that the employer's notice defense had been overcome by testimony that Mr. McGuire's wife had given sufficient notice, and that the claimant had proven his case by a preponderance of the evidence. The order recited that Mr. McGuire had several exposures on the road while in the respondent's employ and that at least one of them had caused the injury, and that this proof was sufficient to convince the court that the claimant's incurable and infectious disease or injury resulted from an on-the-job exposure. The court further stated that the record presented no evidence that the dis-

ease could have been contracted at a place other than the place of employment.

¶6 Pursuant to Rule 60 [1] of the Rules of the Workers' Compensation Court, the employer requested review of the order, and challenged both the competency and weight of the evidence of an injury and the timely notice to the employer of an on-the-job injury. The three-judge panel, in its order on appeal, vacated the decision of the trial court, finding that the order was contrary to law and against the clear weight of the evidence. It found that the "claimant did not sustain an accidental personal injury arising out of and in the course of claimant's employment" with the respondent. Mr. McGuire appealed, and the Court of Civil Appeals vacated the order of the three-judge panel, reinstated the trial court's order, and remanded the matter to the trial court for further proceedings.

## II. STANDARD OF REVIEW

 ¶7 When the order of the trial court is vacated by the three-judge panel, the trial court's order stands replaced with that of the review panel, so that there is never more than one final decision to be reviewed in the appellate courts. *Parks v. Norman Municipal Hospital*, 1984 OK 53, ¶11, 684 P.2d 548, 551. When considering the order of the three-judge panel, the reviewing appellate court applies the law's traditional any-competent-evidence test of correctness and canvasses the facts, not with an object of weighing conflicting proof to determine where the preponderance lies, but only for the purpose of ascertaining whether the tribunal's decision is supported by competent evidence. *Dunkin v. Instaff Personnel*, 2007 OK 51, ¶10, 164 P.3d 1057, 1060.

## III. ANALYSIS

 ¶8 Mr. McGuire argues that the order of the three-judge panel does not make requisite findings to enable this Court's review. He continues that the panel is required "to make specific findings of the ultimate facts responsive to the issues formed by the evidence as well as conclusions of law upon which its order is to be tested." *Dunkin*, 2007 OK 51, ¶13, 164 P.3d at 1060. In applying this rule he observes that the order of the trial judge contained specific findings of fact and of law, but the order of the three-judge-panel states merely that Mr. McGuire did not sustain an accidental personal injury in his employment. He claims this is boiler-plate language disallowed by this Court in *Benning v. Pennwell Publishing Co.*, 1994 OK 113, ¶7, 885 P.2d 652, 655, and that review by this Court of the panel's order is impossible because the Court would not be able to determine if the panel denied the claim based on an interpretation of law, or upon a factual basis. The respondent answers that the *Benning* and *Dunkin* cases cited by the claimant to support his argument, are distinguishable because the order of the three-judge panel in the case now before this Court was solely focused on the single defense position that the claimant did not sustain an injurious exposure to hepatitis A during the course and scope of his employment with the respondent.

¶9 Regarding appeals to the three-judge panel, Rule 60(A)(3) of the Rules of the Worker's Compensation Court, 85 O.S.2001, ch. 4, app., provides that request for review shall include a specific statement of each conclusion of law and finding of fact urged as error, and that general allegations will not be accepted. Error not raised before the panel cannot be considered by this Court or in the Court of Civil Appeals. *Bostick Tank Truck Service v. Nix*, 1988 OK 128, ¶11, 764 P.2d 1344, 1349. When the respondents filed a request for review, ten reasons were listed.[2]

---

1. The respondents' Request for Review states that the appeal is being taken pursuant to Rule 31 of the Rules of the Workers' Compensation Court, but that rule was renumbered Rule 60 on January 30, 2006, and effective that date.

2. "1). The Order is contrary to the law and against the clear weight of the evidence.
"2). The Order is not supported by any competent evidence.

"3). The Order is in error as the record is entirely devoid of any competent medical evidence of any exposure to Hepatitis A during the course and scope of claimant's employment with Respondent.
"4). The finding of timely Notice of an injury by an apparent hearsay statement attributed to the claimant's wife does not meet the preponderance

Just as the Court of Civil Appeals observed, the employer's defenses included legal and factual arguments. The Request for Review raised the issues of whether the notice of an injury was properly made, whether it was timely, and whether the employer was prejudiced by untimely notice. The employer also raised the issue of whether Mr. McGuire sustained an injurious exposure to hepatitis A during the course and scope of his employment.

¶ 10 Along with its Request for Review, the respondent/employer and its insurance carrier submitted a memorandum brief to the three-judge panel that covered the factual issues regarding whether the claimant had been exposed to hepatitis during the course of his employment, and the amount of evidence tending to prove that his exposure and disease could not be linked to his employment by either the claimant or his medical expert. The employer's brief complained that the second order issued by the trial judge was identical to the first, even though claimant had submitted his medical expert testimony by deposition and the employer's subsequent competency and evidentiary sufficiency objections were not addressed in the second order.

¶ 11 With two general allegations and eight specific allegations for review, the order of the three-judge panel is insufficient to inform this Court of the basis for its conclusion that the trial court's order was against the clear weight of the evidence. Did the three-judge panel reject the evidence of timely notice of injury, or that the claimant was exposed to hepatitis A during the course and scope of his employment, or that his injury was caused by hepatitis A and not hepatitis C?

¶ 12 On remand, the three-judge panel shall make specific findings of the law and facts it finds were contrary to law and against the clear weight of the evidence during its review of the trial court's order. Only then can this Court provide a meaningful review of the panel's legal conclusions and factual determinations. Does the three-judge panel reject the finding of the trial court that the claimant sustained an accidental personal injury in the nature of hepatitis A, arising out of the course of his employment? The claimant's physician testified that the claimant had hepatitis A and hepatitis C. Does the three-judge panel reject the finding that the hepatitis A caused a consequential injury to the abdomen (gall bladder, liver and abdominal hernia) due to surgery? Does the three-judge panel reject the finding that the respondents' notice defense was overcome by testimony that the claimant's wife gave sufficient notice? Such questions must be answered before this Court can meaningfully review the order.

of the evidence threshold as related in Paragraph No. 2 of the Order.

"5). The findings that the Respondent failed to provide medical treatment within three days of the injury are not supported by any competent evidence. The claimant's untimely assertion of an on the job injury has seriously prejudiced any opportunity for the Respondent to provide medical treatment and the findings of Paragraphs No. 7 and No. 8 are contrary to law.

"6). The findings of Paragraph No. 4 that claimant 'proved' several exposures is not supported by any competent evidence, any medical testimony or by the claimant himself who admitted he did not know when he had ever been exposed to the virus. The finding that the claimant suffers from an 'incurable and infectious disease' is contrary to the medical evidence and testimony that showed claimant had fully recovered from the virus at the time of trial.

"7). The Order is in error for failing to recognize claimant's pre-existing medical history exposure and infection with Hepatitis C.

"8). The Order is in error and unsupported by the testimony or competent medical evidence supporting the consequential injury to the abdomen in the nature of gall bladder, liver and abdominal hernia as found in Paragraph No. 1, as well as the finding that the claimant had sustained injury in January 2005 and February 2005.

"9). The Order is in error for failing to address and rule on Respondent's objections to the competency and evidentiary sufficiency of claimant's medical witness testimony of Dr. Richard Hastings by deposition introduced at hearing on February 6, 2008.

"10). The Court has resubmitted the identical same Order, although under new date of February 12, 2008, as that previously submitted under date of September 18, 2007, that was subsequently withdrawn as having been issued prematurely, even before the submission of claimant's medical evidence. Such action clearly reflects an erroneous decision based on far less than the entirety of the evidence and must be vacated."

CERTIORARI PREVIOUSLY GRANTED; THE COURT OF APPEALS' OPINION AND THE THREE–JUDGE PANEL'S ORDER ARE VACATED; THE CLAIM IS REMANDED TO THE THREE–JUDGE PANEL FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS PRONOUNCEMENT.

CONCUR: EDMONDSON, C.J., HARGRAVE, KAUGER, WATT, WINCHESTER, COLBERT, REIF, JJ.

CONCURS IN RESULT: TAYLOR, V.C.J.